129 Nev., Advance Opinion 54

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAVIER ARMENTA-CARPIO, A/K/A
JAVIER CARPIO ARMENTA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60371

**FILED**

JUL 25 2013



Appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of lewdness with a child under the age of 14 years, attempted lewdness with a child under the age of 14 years, and one count of child abuse and neglect. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

*Affirmed.*

Benjamin C. Durham, Las Vegas,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE COURT EN BANC.

13-21920

*OPINION*

By the Court, PARRAGUIRRE, J.:

Appellant Javier Armenta-Carpio went to trial facing strong evidence, including his own admissions, that he had sexual contact with a child. Under the circumstances, defense counsel made a strategic decision to concede that there had been some sexual contact between Armenta-Carpio and the victim and to concentrate instead on the extent of the contact and whether the State had charged Armenta-Carpio with more offenses than the evidence could support. After this strategy became apparent during defense counsel's opening statement, the trial court sua sponte inquired whether defense counsel had discussed the strategy with Armenta-Carpio and whether Armenta-Carpio had agreed to the strategy. The court received affirmative responses to both questions.

On appeal, we are asked whether the district court's inquiry about the concession strategy was sufficient given our decision in *Hernandez v. State*, 124 Nev. 978, 194 P.3d 1235 (2008), that when faced with a concession of guilt by defense counsel during trial, the district court must canvass the defendant to determine whether he knowingly and voluntarily consented to the concession of guilt. Although the district court's inquiry here did not fully comply with *Hernandez*, we conclude that the rationale underlying *Hernandez* is unsound and the opinion therefore must be overruled. We now hold, consistent with *Florida v. Nixon*, 543 U.S. 175, 188 (2004), that a concession-of-guilt strategy is not the equivalent of a guilty plea and therefore the trial judge has no obligation to canvass a defendant concerning a concession-of-guilt strategy; instead, the reasonableness of counsel's performance is a matter to be determined

in an appropriate proceeding based on the inquiry that generally applies to ineffective-assistance-of-counsel claims. Given that holding, any deficiencies in the canvass conducted in this case do not warrant relief from the judgment of conviction.

## FACTS AND PROCEDURAL HISTORY

Armenta-Carpio was charged with attempted sexual assault of a child under 14 years of age, five counts of lewdness with a child under 14 years of age, attempted lewdness with a child under 14 years of age, and child abuse and neglect. All of the charges involved his daughter and occurred over a five-year period. During opening statement at trial, defense counsel related to the jury that "[t]hings happen[ed] between my client and his daughter," and therefore, according to counsel, the case was not about whether Armenta-Carpio had sexual contact with the victim but whether the State had overcharged the case. Defense counsel explained to the jury that the victim told Child Protective Services about three incidents—not eight as the State charged—and that Armenta-Carpio's police statement was "pretty consistent" with what the victim told the police. Thereafter, in a hearing outside the jury's presence, the district court queried Armenta-Carpio about whether he had agreed to counsel's strategy to concede guilt as to some conduct while challenging the number of incidents alleged by the State. Armenta-Carpio responded that he had. Counsel made similar concessions during closing arguments, suggesting to the jury that although Armenta-Carpio had some sexual contact with the victim, it was not as extensive as the State contended. The jury disagreed and found Armenta-Carpio guilty of all the charges. At sentencing, the district court determined that the attempted-sexual-assault count merged

with one of the lewdness counts and therefore did not adjudicate Armenta-Carpio on the attempted-sexual-assault count. This appeal followed.

## DISCUSSION

Relying on *Hernandez*, Armenta-Carpio argues that the district court's canvass concerning the concession strategy was inadequate, and therefore, his consent was involuntary and unknowing. Armenta-Carpio acknowledges that he did not object to the district court's canvass. We therefore review his claim for plain error affecting his substantial rights. *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001) (concluding that failure to object generally precludes appellate review but this court has discretion to address any errors that are plain from record and affect defendant's substantial rights), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, ___ n.12, 263 P.3d 235, 253 n.12 (2011), *cert. denied*, 567 U.S. ___, 132 S. Ct. 2774 (2012).

*Hernandez* involved an appeal from an order denying a post-conviction habeas petition. One of the ineffective-assistance claims challenged trial counsel's concession that Hernandez was culpable for the victim's murder. 124 Nev. at 989, 194 P.3d at 1242. In particular, Hernandez argued that trial counsel failed to secure his consent to the concession. Relying primarily on *State v. Perez*, 522 S.E.2d 102, 106 (N.C. Ct. App. 1999), this court concluded that "[a] concession of guilt involves the waiver of a constitutional right that must be voluntary and knowing." *Hernandez*, 124 Nev. at 990, 194 P.3d at 1243. Although the issue presented involved counsel's performance, we went beyond that issue "to address the proper procedure when a defense strategy at trial includes a concession of guilt." *Id.* We explained that "[a]t a minimum," the district court should canvass the defendant outside the presence of the jury and

the State to ensure and make findings on the record that the defendant understands the strategy behind conceding guilt and advise the defendant that conceding guilt relieves the State of its burden of proof for an offense and that he has the right to challenge the State's evidence. *Id.* at 990-91, 194 P.3d at 1243.

Our conclusion in *Hernandez* that a concession strategy must be voluntary and knowing and the canvass procedures that we embraced find their footing in the reasoning set forth in *Perez*. The *Perez* court reasoned that a concession of guilt is the functional equivalent of a guilty plea because it deprives a defendant of his rights to cross-examination, confrontation, and a trial by jury. *Perez*, 522 S.E.2d at 106. Based on that analogy, the *Perez* court concluded that a concession strategy, like a guilty plea, requires the defendant's knowing and voluntary consent "after full appraisal of the consequences" reflected on the record. *Id.*

Significant flaws in the *Perez* court's reasoning are pointed out in a Supreme Court decision issued five years after *Perez*. In *Florida v. Nixon*, the Supreme Court expressly rejected the idea that a concession of guilt at trial is the functional equivalent of a guilty plea. 543 U.S. 175, 188 (2004). The Court explained that unlike a guilty plea, a concession strategy preserves the rights accorded a defendant in a criminal trial: (1) the prosecution is still required to present competent, admissible evidence establishing the essential elements of the charged crimes; (2) the defense retains the right to cross-examine prosecution witnesses and pursue exclusion of prejudicial evidence; and (3) the defense can seek relief on appeal from trial error. *Id.* As the Supreme Court had observed decades earlier, "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to

give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The Supreme Court also rejected the idea that counsel is automatically barred from pursuing a concession strategy just because the defendant, informed by counsel, neither consents nor objects to the course that counsel determines is the best strategy, explaining that the issue in those cases is whether counsel's representation fell below an objective standard of reasonableness and prejudiced the defense. *Nixon*, 543 U.S. at 178-79; *see also Strickland v. Washington*, 466 U.S. 668 (1984).

Although the Supreme Court's decision in *Nixon* was available when we decided *Hernandez*, our opinion makes no mention of it and does not discuss the reasoning underlying *Perez* in any significant degree. That is not necessarily surprising as the parties did not address *Nixon* even though it involved an ineffective-assistance claim based on a concession of guilt. Having now considered our reasoning in *Hernandez* in light of the Supreme Court's decision in *Nixon*, we are persuaded that there are significant differences between a concession strategy at trial and a guilty plea such that a concession strategy does not involve the waiver of a constitutional right that must be knowing and voluntary. A concession of guilt is simply a trial strategy—no different than any other strategy the defense might employ at trial. As such, there is no reason to conduct a mid-trial canvass to determine a defendant's knowledge of or consent to that particular strategy. If a defendant is dissatisfied with the strategy, he may challenge the reasonableness of counsel's performance. Thus, the foundation for the canvass requirements set forth in *Hernandez* is unsound. The question is whether we are compelled to perpetuate *Hernandez*'s canvass procedure despite its unsound foundation.

"[U]nder the doctrine of *stare decisis*, we will not overturn [precedent] absent compelling reasons for so doing." *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnote omitted). While we are loath to depart from the doctrine of stare decisis, we also cannot adhere to the doctrine so stridently that the "'law is forever encased in a straight jacket.'" *Adam v. State*, 127 Nev. ___, ___, 261 P.3d 1063, 1065 (2011) (quoting *Rupert v. Stienne*, 90 Nev. 397, 400, 528 P.2d 1013, 1015 (1974)). In considering the canvass procedures set forth in *Hernandez*, there are two reasons that our departure from the doctrine of stare decisis is warranted. First, the part of *Hernandez* that prospectively adopts procedures that the district court must undertake to ensure that a concession is knowing and voluntary went beyond answering the limited question that was before the court—whether counsel provided constitutionally ineffective assistance by adopting a concession strategy. That part of *Hernandez* therefore was dicta. *See Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 536, 216 P.3d 779, 785 (2009) ("A statement in a case is dictum when it is 'unnecessary to a determination of the questions involved.'" (quoting *St. James Vill., Inc. v. Cunningham*, 125 Nev. 211, 216, 210 P.3d 190, 193 (2009))). Second, the reasoning underlying the canvass procedure set forth in *Hernandez* is clearly erroneous, particularly viewing that reasoning in light of *Nixon*. These foundational problems with *Hernandez* reflect more than a "[m]ere disagreement" with that decision, *Burk*, 124 Nev. at 597, 188 P.3d at 1124 (observing that more than "[m]ere disagreement" is required to overturn precedent), requiring that we depart from the doctrine of stare decisis to avoid the perpetuation of that error. *See Stocks v. Stocks*, 64 Nev. 431, 438, 183 P.2d 617, 620 (1947) ("While courts will

indeed depart from the doctrine of stare decisis where such departure is necessary to avoid the perpetuation of error, the observance of the doctrine has long been considered indispensable to the due administration of justice, that a question once deliberately examined and decided should be considered as settled." (internal citation and quotation marks omitted)). We therefore overrule *Hernandez* to the extent that it holds that a concession of guilt is the functional equivalent of a guilty plea, triggering the protections and consequences attendant to entering a guilty plea and requiring a canvass by the trial court.

Our decision today does not undermine a defendant's right to challenge the reasonableness of counsel's concession strategy. We are not faced with a challenge to the reasonableness of counsel's performance in this case. Although we have addressed an ineffective-assistance claim based on a concession strategy for the first time on appeal where the concession contradicted the defendant's trial testimony, *see, e.g., Jones v. State*, 110 Nev. 730, 877 P.2d 1052 (1996), Armenta-Carpio did not raise an ineffective-assistance claim and, even if he had, the circumstances here would not allow us to consider such a claim for the first time on appeal.[1]

Because we are persuaded that canvassing a defendant to ensure knowledge of and voluntary consent to a concession strategy is unnecessary, we conclude that Armenta-Carpio is not entitled to relief on

---

[1]Because we are not faced with an ineffective-assistance claim, we express no opinion as to whether *Nixon* undermines any of our reasoning in *Jones*.

the ground that the district court's canvass was inadequate.  We therefore affirm the judgment of conviction.

_____, J.
Parraguirre

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A