An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GONZALO ALBELO GONZALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64456

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Gonzalo Abelo Gonzales' post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Gonzales was charged with burglary based upon his actions of entering a local business with the intent to commit larceny. At trial, his counsel conceded that he had committed larceny, which he had not been charged with, but asserted that Gonzales formed the intent to do so after he entered the building. Counsel asked the district court to add larceny to the verdict form and the jury found Gonzales guilty of both crimes. Gonzales filed a habeas petition, alleging that he received ineffective assistance "based on the failure of trial counsel to discuss and obtain [his] consent to conceding guilt to petit larceny." After conducting an evidentiary hearing, the district court denied Gonzales' petition.

Gonzales contends that the district court erred by denying his ineffective-assistance claim. To prove ineffective assistance of counsel, a

14-19094

petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

At the evidentiary hearing, counsel testified that she made a strategic decision to concede Gonzales' guilt to larceny because there was overwhelming evidence that he had stolen property and therefore the only viable issue was his intent when he entered the building. Counsel further testified that she asked the district court to add larceny to the verdict form so the jury would have the option of finding Gonzales guilty of something rather than acquitting him outright, and that she discussed the merits of this strategy with Gonzales and he understood the potential consequences. The district court found that counsel's testimony was more credible than Gonzales' testimony to the contrary and concluded that counsel's actions were reasonable under the circumstances. Gonzales fails to demonstrate that the district court's factual findings are clearly wrong and we agree with its legal conclusions. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (counsel's strategic decisions are virtually unchallengeable); *Armenta-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 398 (2013) ("A concession of guilt is simply a trial strategy—no

different than any other strategy the defense might employ at trial."). Accordingly, we conclude that the district court did not err, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Stefany Miley, District Judge
      Bush & Levy, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk