An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESUS IGNASIO FLORES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63422

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel raised in his December 6, 2012, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his trial counsel were ineffective for conceding appellant's guilt to three of the charged crimes, for failing to properly explain a concession strategy to appellant, and for failing to ensure that the district court properly canvassed appellant regarding the concession strategy. Appellant also argues that a concession strategy was not proper because it caused the trial court to sever appellant's case from the codefendants, which appellant argues harmed his ability to assert that the codefendants had greater responsibility for the crimes. Appellant fails to demonstrate either deficiency or prejudice for this claim. Counsel informed the trial court that they had discussed the concession strategy with appellant, that he agreed to it, and that they believed it was the best course given the substantial amount of evidence against appellant for those charges. The trial court canvassed appellant regarding this strategy and appellant stated that he had discussed it with counsel and he agreed with the concession strategy. Tactical decisions such as this one "are virtually unchallengeable absent extraordinary circumstances," *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant does not demonstrate. *See Armenta-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 398 (2013) (stating "[a] concession of guilt is simply a trial strategy— no different than any other strategy the defense might employ at trial"). There was overwhelming evidence of appellant's guilt produced at trial, given that appellant was discovered shortly after the 911 call wearing the victim's jacket and in possession of the victim's property, the victim identified appellant and specifically recalled appellant's tattoos, appellant's DNA was recovered from the crime scene, and appellant was

recorded attempting to conduct transactions at ATMs using the victim's debit card. As there was overwhelming evidence of appellant's guilt for all of the crimes charged, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel not pursued a concession strategy, explained the strategy further to appellant, or requested that the district court provide further explanation to appellant. Therefore, the district court did not err in denying this claim.

Second, appellant argues that counsel were ineffective for failing to move for a mistrial right after the trial court granted the codefendants' motion for severance. Counsel moved for a mistrial based upon the severance issue, but did so at a later point in the trial. Appellant argues that the delay in moving for a mistrial was improper. Appellant fails to demonstrate either deficiency or prejudice for this claim. This court concluded on direct appeal that appellant was not entitled to a mistrial based upon the severance of the codefendants' cases, *Flores v. State*, Docket No. 56940 (Order of Affirmance, September 14, 2011), and appellant fails to demonstrate a reasonable probability of a different outcome had counsel moved for a mistrial earlier in the trial. Therefore, the district court did not err in denying this claim.

Third, appellant argues that counsel were ineffective for improperly conceding that appellant was criminally liable for use of a firearm and a knife because counsel informed the jury in the opening statement that appellant's codefendants had used a firearm and a knife. Appellant fails to demonstrate either deficiency or prejudice for this claim. Counsel did not concede that appellant was criminally liable for the use of those two weapons. Counsel's statements, when placed in context, suggested to the jury that while the evidence would establish that the

codefendants used those weapons, the State would not produce evidence proving that appellant knew of the use of those weapons. Counsel then argued in closing that the State had failed to meet its burden to demonstrate that appellant knew that the codefendants used weapons in the course of the crimes. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel made different statements or arguments with respect to the use of these weapons because there was overwhelming evidence of guilt produced at trial that appellant knew of the use of these weapons and that he possessed these weapons during the course of the crimes. Therefore, the district court did not err in denying this claim.

Fourth, appellant argues that the cumulative effect of ineffective assistance of counsel warrants vacating his judgment of conviction. Because appellant's ineffective-assistance claims lack merit, he fails to demonstrate any cumulative error. Therefore, the district court did not err in denying this claim.[1]

Fifth, appellant argues that his counsel were ineffective for failing to investigate mitigation evidence and then present such evidence at the sentencing hearing. This claim was not raised in the petition before the district court. Appellant only mentioned this issue in the procedural history portion of his supplemental petition by saying that no mitigation evidence was presented at the sentencing hearing. Appellant did not

---

[1]The State argues that this court should not consider this claim because it was not raised before the district court. However, a review of appellant's petition and supplement reveal that this claim was raised below.

claim that counsel was ineffective regarding this issue and did not discuss any mitigation evidence that reasonably diligent counsel could have obtained. Therefore, we decline to consider this claim in the first instance on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Finally, appellant argues that the district court's order is not entitled to deference because it did not sufficiently address all of appellant's claims and did not make proper findings of fact. Appellant argues that because the district court's order is insufficient, this court should review his claims under a de novo standard. As discussed previously, this court gives deference to the district court's factual findings regarding ineffective assistance of counsel but reviews the district court's application of the law to those facts de novo. *Lader*, 121 Nev. at 686, 120 P.3d at 1166. In reviewing appellant's claims of ineffective assistance of counsel under that standard, we conclude that appellant fails to demonstrate that any of his claims are meritorious. Moreover, the district court's order is sufficient to permit this court to fully review appellant's claims. Therefore, appellant is not entitled to relief regarding his argument that the district court's order is not entitled to deference.

Having concluded that appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____ *Pickering* _____, J.
Pickering

_____ *Parraguirre* _____, J.
Parraguirre

_____ *Saitta* _____, J.
Saitta

cc:   Hon. Linda Marie Bell, District Judge
      Langford McLetchie LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A