An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MAURICIO ISRAEL MELENDEZ,
Respondent.

No. 65479

FILED

OCT 16 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting respondent Mauricio Melendez's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge. The district court conducted an evidentiary hearing, where Melendez and his trial attorneys testified. The district court concluded that Melendez was entitled to relief and granted his petition. The State contends that the district court erred.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and but for counsel's errors the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence but

15-31582

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, the State contends that the district court erred by concluding that counsel were ineffective for stipulating to the admission of a non-testifying medical examiner's autopsy report and allowing a different medical examiner to testify in his place. We agree. At the evidentiary hearing, one of Melendez's trial attorneys testified that she made a strategic decision to stipulate to admission of the report, and the testimony of Dr. Lary Simms, because she did not dispute the findings in the report and she preferred to have Dr. Simms testify rather than the report's author. The district court failed to give sufficient deference to this decision. *See Strickland*, 466 U.S. at 689; *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (explaining that "trial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances" (internal quotation marks omitted)). The district court also erred when it determined that Melendez was prejudiced, because although the autopsy report stated that the cause of death was a homicide, the defense's own theory of the case was that the cause of death was a homicide—just an unintentional or accidental homicide. *See* Black's Law Dictionary 332 (3d ed. 1996) (defining homicide). This distinction was explained to the jury on numerous occasions. Finally, Melendez failed to demonstrate that the result of trial would have been different had counsel refused to stipulate to the report and insisted upon cross-examining the report's author. We therefore conclude that the district court erred by granting relief on this claim.

Second, the State contends that the district court erred by concluding that counsel were ineffective for failing to hire an expert to support the theory of defense. We agree. Counsel explained that the only issue in this case was whether Melendez intended to kill his wife and she did not believe an expert could assist the jury with this issue. Counsel chose to make Melendez the focus of the case rather than quibble with the physical evidence because she believed the jurors would sympathize with Melendez when they heard about his life. The district court failed to give sufficient deference to this strategy. But even assuming that counsel's strategy was objectively unreasonable, Melendez failed to demonstrate prejudice. Melendez did not demonstrate how testimony about a different bullet trajectory or lighter trigger-pull would have made the defense's theory of the case more plausible, or how those facts would lead to a different result at trial given his own admissions and his conduct after the shooting. We therefore conclude that the district court erred by granting relief on this claim.

Third, the State contends that the district court erred by concluding that trial counsel were ineffective for conceding guilt to involuntary manslaughter during closing argument. *See Armenta-Carpio v. State,* 129 Nev., Adv. Op. 54, 306 P.3d 395 (2013) (applying a *Strickland* analysis to ineffective-assistance claims based upon a concession of guilt).[1]

---

[1]Although Melendez discusses *Hernandez v. State,* 124 Nev. 978, 990, 194 P.3d 1235, 1243 (2008) (holding that the trial court must canvass the defendant to determine whether he has consented to the concession of
*continued on next page . . .*

We agree for several reasons. First, the district court based its decision on an incorrect determination of the facts—Melendez never testified at trial and therefore counsel's concession could not have undermined his trial testimony. Second, the concession did not directly contradict what counsel told the jury in opening statements. Third, counsel's decision was not objectively unreasonable under the circumstances. We therefore conclude that the district court erred by granting relief on this claim.

Fourth, the State contends that the district court erred by concluding that counsel were ineffective for failing to investigate Claudine Eggelston, Melendez's sister-in-law, using the services of an investigator. We agree. The district court offered several rationales for how this conduct was ineffective, but they all rest upon the faulty assumption that Eggelston's testimony was vital to the State's case. As we concluded on Melendez's direct appeal, we do not believe that Eggleston's testimony contributed to the verdict in any appreciable way in the light of the other evidence presented at trial. *Melendez v. State*, Docket No. 54770 (Order of Affirmance, July 29, 2011). Our review of the record makes clear that it was Melendez's statements to police and his actions after the shooting which were responsible for his conviction, and therefore better preparation for Eggelston's testimony or highlighting her bias would not have changed

---

. . . *continued*

guilt), *overruled by Armenta-Carpio*, 306 P.3d 395, he does not allege that the district court should have applied *Hernandez*.

the result at trial. We therefore conclude that the district court erred by granting relief on this claim.

Having considered appellant's arguments and concluded that they have merit,[2] we

ORDER the judgment of the district court REVERSED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Eighth Judicial District Court Dept. 15
        Attorney General/Carson City
        Clark County District Attorney
        Karen A. Connolly, Ltd.
        Eighth District Court Clerk

_____

[2]We also conclude that the district court erred by determining that cumulative error warranted relief.

SUPREME COURT
OF
NEVADA

(O) 1947A