An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GLENFORD ANTHONY BUDD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66815

FILED

DEC 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Glenford Budd's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Budd contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and, but for counsel's errors, there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Budd contends that the district court erred by denying his claim that counsel was ineffective for failing to prevent admission of a rap song introduced at trial. We disagree. The probative value of the song, in which Budd confessed to the crimes, was not substantially

15-38491

outweighed by the danger of unfair prejudice. *See Holmes v. State*, 129 Nev., Adv. Op. 59, 306 P.3d 415, 420 (2013). Although Budd states that counsel should have retained an expert to determine whether he wrote the song, he did not demonstrate that the song was written by someone else or that counsel could have successfully challenged its admissibility on another basis. *See* NRS 52.035. Therefore, Budd fails to demonstrate that the district court erred.

Second, Budd contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate and present evidence supporting second-degree murder. We disagree because Budd presented no evidence at the evidentiary hearing that a better investigation would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). While Budd suggests that trial counsel could have learned from a witness that he ingested drugs before the killings, postconviction counsel admitted at the evidentiary hearing that he spoke with the witness and she denied ever stating that Budd ingested drugs. Therefore, Budd fails to demonstrate that the district court erred.

Third, Budd contends that the district court erred by denying his claim that counsel was ineffective for "failing to subject the State's case to the adversarial process." We disagree because Budd fails to demonstrate that counsel performed deficiently or that the result of trial would have been different, and we reject his contention that we should presume deficiency and prejudice under the circumstances. Budd does not specify the evidence a better investigation would have revealed, the witnesses the defense should have called, or what the witnesses would have said that would have changed the result at trial. In addition, counsel testified at the evidentiary hearing that he avoided making unnecessary

objections in order to preserve credibility in front of the jury. The district court found counsel to be credible and the record supports the district court's determination. Therefore, we conclude that no relief is warranted on this claim.

Fourth, Budd contends that the district court erred by denying his claim that counsel was ineffective for conceding his guilt without his consent. We disagree. Counsel did not concede Budd's guilt; rather, he conceded that some evidence pointed towards Budd's culpability but argued that the evidence was insufficient to prove guilt beyond a reasonable doubt. Counsel testified that he made this argument because there was overwhelming evidence against Budd and he needed to preserve credibility in front of the jury. Given the record, Budd fails to demonstrate that counsel's decision was unreasonable. *See Armenta-Carpio v. State*, 129 Nev., Adv. Op. 54, 306 P.3d 395, 399 (2013). Therefore, Budd fails to demonstrate that the district court erred.[1]

Having considered Budd's contentions and concluded they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Gibbons

_____, J.
Pickering

---

[1]Budd also contends that cumulative error warrants relief. Having found no error, there are no errors to cumulate.

cc: Hon. David B. Barker, District Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk