# IN THE SUPREME COURT OF THE STATE OF NEVADA

| JAVIER RIGHETTI,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 73015 |
| --- | --- |

FILED

APR 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted robbery, battery with the intent to commit sexual assault by strangulation, first-degree kidnapping, attempted sexual assault of a child under 16 years of age, sexual assault of a child under 16 years of age, robbery with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, two counts of sexual assault of a child under sixteen years of age with the use of a deadly weapon, and, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Factual background and procedural history*

In 2011, appellant Javier Righetti attacked and sexually assaulted 15-year-old M.K. as she walked through a tunnel that cut beneath the freeway in Las Vegas. Several months later, Righetti ambushed 15-year-old A.O at the same tunnel. He took A.O.'s cell phone and ordered her to undress. After sexually assaulting A.O. vaginally and orally, Righetti began stabbing her in the face. Ultimately, Righetti killed A.O., stabbing her more than 80 times in the face, neck, chest, and legs, and carving the initials L.V. into her. Later, Righetti returned to the scene and lit A.O.'s body on fire.

19-17366

For the offenses against M.K., the State charged Righetti with attempted robbery, battery with intent to commit sexual assault by strangulation, first-degree kidnapping, attempted sexual assault of a child under 16 years of age, and sexual assault of a child under 16 years of age (counts 1-5). As to the offenses against A.O., the State charged Righetti with two counts of sexual assault of a child under 16 years of age and one count each of robbery, first-degree kidnapping, and murder, all with the use of a deadly weapon (counts 6-10). The indictment alleged three theories for murder: the murder was (1) willful, deliberate, and premeditated, (2) committed by means of torture, and/or (3) committed during a felony (robbery, kidnapping and/or sexual assault). The State filed a notice of intent to seek the death penalty.

Righetti advised the district court that he wanted to plead guilty to the charges without any negotiations with the State and proceed directly to the penalty phase. Despite stating that he intended to plead guilty to the charges as alleged, Righetti attempted to plead guilty to only two of the three theories alleged in the first-degree murder charge by interrupting the district court judge with a nonverbal gesture and avoiding certain factual admissions. The district court accepted Righetti's nonconforming guilty plea, but it later became clear that a miscommunication had occurred during the canvass. After reviewing a recording of the proceeding and relevant law surrounding the entry of nonconforming guilty pleas, the district court set aside the guilty plea as to the murder count. Righetti filed a petition for a writ of prohibition in this court challenging the district court's decision to set aside the plea to count 10, which was denied. *Righetti v. Eighth Judicial Dist. Court*, 133 Nev. 42,

388 P.3d 643 (2017). Neither in his writ of prohibition to this court nor in district court did Righetti seek to vacate his guilty plea as to counts 1-9.

The case proceeded to jury trial on count 10. The jury convicted Righetti of first-degree murder. The penalty phase followed. The jury unanimously found numerous aggravating circumstances beyond a reasonable doubt and sentenced Righetti to death for A.O.'s murder.

*Whether the district court erred by vacating the guilty plea to the murder count*

Righetti contends that the district court erred when it set aside his guilty plea to the murder count. Righetti raised this issue in his petition for a writ of prohibition, and this court rejected it on its merits. *Id.* That decision constitutes the law of the case. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 629-30, 173 P.3d 724, 728 (2007) ("Under the law of the case doctrine, when an appellate court states a principle or rule of law necessary to a decision, the principle or rule becomes the law of the case and must be followed throughout its subsequent progress, both in the lower court and upon subsequent appeal." (internal quotations marks and alterations omitted)). Righetti does not argue that our prior decision was wrong, and he does not point to any new facts or law that undermine that decision. *See Clem v. State*, 119 Nev. 615, 620, 81 P.3d 521, 525 (2003) ("We will depart from our prior holdings only where we determine that they are so clearly erroneous that continued adherence to them would work a manifest injustice."). Accordingly, we conclude that no relief is warranted on this claim.

*Whether due process concerns warrant reversal*

Righetti argues that his guilty pleas to each count were intertwined, and therefore when the district court set aside the guilty plea

to the murder count, it should have done the same with all of the counts. He further claims that the district court's "refusal" to do so violated his right to due process. Appellant's Opening Brief, at 20. However, the district court did not refuse to set aside Righetti's guilty plea relating to counts 1-9. Although Righetti complained that it was unfair for him to have to go to trial on count 10 having pleaded guilty to counts 1-9, he never asked the district court to vacate or to allow him to withdraw his guilty plea to the counts 1-9. Righetti conceded this at oral argument. Because Righetti thus failed to preserve this issue, we review it for plain error. *See Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 (2018) ("Before this court will correct a forfeited error, an appellant must demonstrate that: (1) there was an error; (2) the error is plain, meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." (internal quotation marks omitted)), *cert. denied*, 139 S.Ct. 415 (2018).

Righetti fails to demonstrate error, plain or otherwise. Other than a cursory reference to "Due Process and Fair Trial guarantees," he provides no authority to support his position, nor does he offer any coherent argument or explanation as to why these constitutional concerns required the district court sua sponte to vacate his guilty plea as to counts 1-9. Moreover, the decision whether to correct a forfeited error is discretionary, *id.* at 49, and we decline to exercise that discretion in this case. The record strongly suggests that Righetti made a strategic decision not to ask the district court to set aside or withdraw the plea as to counts 1-9, either so counsel could argue that he accepted responsibility for those offenses in the penalty phase, to lay the groundwork for future ineffective-assistance-of-counsel claims, or for some other reason. *See id.* at 50 (recognizing that it

would be inappropriate to grant relief on plain error review when counsel may have had a strategic reason for not objecting, as doing so would incentivize gamesmanship). Accordingly, we conclude that no relief is warranted on this claim.

*Whether certain aggravating circumstances are valid*

Righetti argues that the torture/mutilation aggravating circumstance does not narrow the circumstances in which a death sentence may be imposed.[1] He claims that, similar to the scenario described in *McConnell v. State*, 120 Nev. 1043, 102 P.3d 606 (2004) (holding that the State may not use the same felony to elevate a killing to first-degree murder and to support an aggravating circumstance), he was found guilty of first-degree murder because he tortured A.O. and then the torture of A.O. was further used as an aggravating circumstance. Setting aside the fact that this court has rejected his legal argument, *Hernandez v. State*, 124 Nev. 978, 985, 194 P.3d 1235, 1240 (2008), *overruled on other grounds by Armenta-Carpio v. State*, 129 Nev. 531, 306 P.3d 395 (2013), Righetti is wrong about the facts underlying this claim. Although the State alleged torture as a theory of first-degree murder in the indictment, that theory was not included on the special verdict form and he was not found guilty under that theory.

Righetti also argues that the State impermissibly "double-counted" certain aggravating circumstances. Specifically, he claims that the jury found both that he sexually assaulted A.O. and that he was

---

[1]Righetti also argues that insufficient evidence supports the torture/mutilation aggravating circumstance. We note that he conceded the State had proven this aggravating circumstance beyond a reasonable doubt below. We have ignored this concession in conducting our mandatory review under NRS 177.055(2).

*convicted* of sexually assaulting A.O. Again, Righetti is wrong about the facts; although the State alleged that he was convicted of sexually assaulting A.O. as an aggravating circumstance in the notice of intent to seek death, those convictions were not included on the special verdict form as separate aggravating circumstances and the jury did not find them.

*Mandatory review*

NRS 177.055(2) requires that this court review every death sentence and consider whether: (1) the evidence supports the finding of the aggravating circumstances; (2) the sentence of death was imposed under the influence of passion, prejudice or any arbitrary factor; and (3) the sentence of death is excessive, considering both the crime and the defendant.

Righetti conceded that the State proved all of the aggravating circumstances beyond a reasonable doubt. Even setting those concessions aside, we conclude that the record supports the finding of each aggravating circumstance. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (considering "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the [aggravating circumstance] beyond a reasonable doubt" (internal quotation marks omitted)).

One or more jurors found several mitigating circumstances, including that Righetti was a young man, came from a dysfunctional family, was exposed to trauma, accepted responsibility and cooperated with police, has brain abnormalities and cognitive deficits, has not been violent in jail, and has a family history of violent behavior and mental illness. But those mitigating circumstances pale in light of the statutory aggravating circumstances and the other facts regarding Righetti and the offenses.

Righetti raped two young girls and stabbed one of them more than 80 times. He had also raped at least two other women, including his own cousin. The offenses showed escalating brutality, culminating in the terrible murder of A.O. We therefore conclude that the death sentences are not excessive, nor were they imposed under the influence of any arbitrary factor. *See Dennis v. State*, 116 Nev. 1075, 1085, 13 P.3d 434, 440 (2000) (explaining that, when considering whether death sentences are excessive, this court asks whether "the crime and defendant before [the court] on appeal [are] of the class or kind that warrants the imposition of death?").

We have considered Righetti's contentions and conclude that no relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.   _____, J.
Pickering           Hardesty

_____, J.   _____, J.
Parraguirre          Stiglich

_____, J.   _____, J.
Cadish            Silver

cc: Hon. Michelle Leavitt, District Judge
   Clark County Public Defender
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk

