# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER EWING, A/K/A ALEX
CHRISTOPHER EWING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77670

CHRISTOPHER EWING, A/K/A ALEX
CHRISTOPHER EWING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77671

FILED

NOV 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders denying petitions for writs of habeas corpus challenging extradition. First Judicial District Court, Carson City; James E. Wilson, Judge.

The State filed two petitions to transfer appellant Christopher Ewing pursuant to the Uniform Criminal Extradition Act (UCEA), NRS 179.177 et seq., and Executive Warrants signed by the governor of Nevada. The petitions were based on demands from Colorado, where Ewing faces multiple felony charges in two counties. Ewing, by and through counsel, filed petitions in opposition to extradition, requests for appointments of counsel, motions to dismiss, and ultimately petitions for writs of habeas corpus. The district court denied Ewing's requests for appointed counsel based on Nevada precedent and denied his challenge to the extradition petition. These appeals followed.

19-47893

Ewing first claims he has a right to appointed counsel during the extradition proceedings pursuant to NRS 179.197(1). However, this court has held the statute does not require the appointment of counsel. *Roberts v. Hocker*, 85 Nev. 390, 456 P.2d 425 (1969). "The meaning of NRS 179.197 is unambiguous and needs no construction; it merely affords a defendant the privilege to have counsel present. If the legislature deems it desirable to afford appointed counsel to indigents during an extradition proceeding, it is their prerogative, not ours." *Id.* Thus, pursuant to Nevada caselaw, Ewing's statutory argument fails.[1]

To the extent Ewing asks us to overrule *Roberts*, we conclude he has not demonstrated compelling reasons to do so. *See Harris v. State*, 130 Nev. 435, 441, 329 P.3d 619, 623 (2014) (recognizing that "the doctrine of stare decisis militates against overruling precedent"); *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (providing that precedent will not be overturned "absent compelling reasons for so doing"). That other states have interpreted the language in the uniform provision codified in Nevada as NRS 179.197 differently than this court did in *Roberts* is not a compelling reason to overrule *Roberts*, especially when this court was aware of contrary interpretations when it decided *Roberts*.[2] And we are not convinced that the reasoning in *Roberts* was clearly erroneous warranting

---

[1]Ewing's reliance on NRS 34.820(1) is misplaced as that statute's plain language makes clear that it only applies to habeas petitions that challenge the validity of a judgment of conviction or death sentence.

[2]Ewing briefly argues that NRS 179.235 should sway this court into aligning itself with those states that have found a statutory right to appointed counsel from the UCEA's language. We are unpersuaded.

a departure "from the doctrine of stare decisis to avoid the perpetuation of that error." *Armenta-Carpio*, 129 Nev. at 536, 306 P.3d 395, 398; *see also Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (holding "mere disagreement does not suffice" as a reason to overturn precedent). Accordingly, Ewing's statutory claim to appointed counsel fails.

Ewing next argues that he has a constitutional right to appointed counsel based on the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, §§ 8(1) (right to counsel) and 8(5) (due process) of the Nevada Constitution.[3] The arguments based on the constitutional right to counsel lack merit because extradition proceedings are not a critical stage of a criminal proceeding to which that right attaches. *Roberts*, 85 Nev. at 392-93, 456 P.2d at 425; *see also Utt v. State*, 443 A.2d 582, 588-89 (Md. 1982) (compiling cases to demonstrate that "the vast majority of cases around the country" have held an extradition proceeding is not a critical stage of the criminal proceeding such that the right to the assistance of counsel attaches). And as a federal district court reasoned when rejecting the idea that lack of counsel during an extradition hearing violates due process, "if forcible abduction for trial is no violation of due process [as the Supreme Court held in *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)], lack of counsel on extradition certainly is not." *United States*

---

[3]While Ewing bases his claim for counsel on both the United States and Nevada constitutions, he does not argue that the Nevada Constitution differs or provides for greater protection than that of its federal counterparts.

*ex rel. Huntt v. Russell*, 285 F. Supp. 765, 767 (E.D. Pa. 1968). Therefore, Ewing has not shown that he has a constitutional right to the appointment of counsel in extradition proceedings.[4]

Lastly, Ewing challenges the extradition petitions based on language in related Executive Agreements that provides Ewing will remain in Colorado to serve his sentence should he be convicted and sentenced to either death or life imprisonment. "A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements [for extradition] have been met." *Michigan v. Doran*, 439 U.S. 282, 289 (1978). Accordingly, once the asylum state's governor has granted extradition and issued a warrant of arrest, there are few issues a court in the asylum state can decide when a prisoner challenges extradition: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Id.* Here, Ewing's argument about the Executive Agreements appears to relate most closely to the first inquiry, suggesting the extradition documents were not in order due to the language in the Executive Agreements. We disagree.

Extradition documents are in order when the demand for extradition is in the form required by NRS 179.183. *State ex rel. Gilpin v. Stokes*, 483 N.E.2d 179, 183 (Ohio Ct. App. 1984) (finding extradition

---

[4]To that end, Ewing has not shown that appointment of appellate counsel is required. Accordingly, we deny his motion for the appointment of appellate counsel.

paperwork in order when it complied with state statute outlining requirements for demand paperwork). The Executive Agreements challenged by Ewing are separate from the demands for his extradition and only address the matter of Ewing's custody upon the termination of the Colorado proceedings. Accordingly, they have no bearing on whether the demands for Ewing's extradition met NRS 179.183's requirements.

But even if the Executive Agreements are relevant to whether the extradition documents were in order, Ewing's argument is unavailing. First, Ewing's argument is not ripe, as the alleged harm—not being returned from Colorado—may never come to fruition if he is acquitted or receives a sentence less than death or life imprisonment. *See Herbst Gamin, Inc. v. Heller*, 122 Nev. 877, 887, 141 P.3d 1224, 1231 (2006) (providing two factors for consideration as to ripeness—hardship to parties in withholding judicial review and suitability for such review—and finding that a complainant's harm must not be speculative or hypothetical but must be sufficiently concrete). Second and more importantly, Ewing has no say as to what order sentences imposed by two different sovereigns are executed and therefore no ground on which to challenge the Executive Agreements regarding his custody at the end of the proceedings in Colorado. *See Smothers v. State*, 741 So. 2d 205, 207 (Miss. 1999); *State v. Robbins*, 590 A.2d 1133, 1137 (N.J. 1991); *Guerrieri v. Maxwell*, 186 N.E.2d 614, 615 (Ohio 1962); *see also Ponzi v. Fessenden*, 258 U.S. 254, 260 1922) (after having received a fair trial, a defendant "may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime

against it"). For these reasons, we are not convinced that Ewing demonstrated any facial deficiency in the extradition documents.

Having considered Ewing's contentions and concluded that no relief is warranted, we

ORDER the judgments of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                           Hardesty

_____, J.          _____, J.
Parraguirre                                         Stiglich

_____, J.          _____, J.
Cadish                                              Silver

cc:     Hon. James E. Wilson, District Judge
        Martin H. Wiener
        Attorney General/Carson City
        Carson City Clerk