IN THE SUPREME COURT OF THE STATE OF NEVADA

NICHOLAS B. HOWARD, A/K/A
NICHOLAS BARKSDALE HOWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79365

FILED

JUL 2 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Nicholas Howard filed his petition more than five years after issuance of the remittitur on direct appeal. *See Howard v. State*, Docket No. 61115 (Order of Affirmance, June 13, 2013). Accordingly, Howard's petition was untimely. *See* NRS 34.726(1). And because he had previously litigated a postconviction habeas petition on the merits, his petition was also successive. *See* NRS 34.810(2); *Howard v. State*, Docket No. 67169 (Order of Affirmance, Nov. 13, 2015). Howard's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, Howard was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Howard argues that the decision in *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500 (2018), provides good cause to overcome the procedural bars to his current petition, which alleges that his Sixth Amendment-secured autonomy right was violated when counsel conceded that Howard was a pimp and entered the hotel room to take a laptop as payment for an unpaid debt. In *McCoy*, the United States Supreme Court

26-26448

recognized a defendant's right to choose the objective of his defense. *Id.* at ___, 138 S. Ct. at 1508. Thus, "[w]hen a client expressly asserts that the objective of *his* defence [sic] is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at ___, 138 S. Ct. at 1509 (internal quotation marks omitted).

Even assuming, without deciding, that *McCoy*'s holding is new constitutional law that applies retroactively and supports a claim that was not reasonably available to be raised in a timely petition thus providing good cause, *see Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003), Howard does not demonstrate actual prejudice. Unlike the appellant in *McCoy*, Howard did not object to counsel's defense strategy. *See McCoy*, 584 U.S. at ___, 138 S. Ct. at 1510 (concluding "that counsel may not admit her client's guilt of a charged crime over the client's *intransigent objection* to that admission" (emphasis added)). The record instead demonstrates that Howard expressly consented to such defense strategy.[1] *See Howard*, Docket No. 67169, at *1-2 (observing that counsel explained that Howard consented to a defense strategy that involved conceding these facts). Howard's reliance on *McCoy* is therefore misplaced and does not show actual prejudice to overcome the procedural bars to his petition.[2]

---

[1]We reject Howard's argument that the district court should have held an evidentiary hearing to determine whether Howard gave informed consent as repelled by the record. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

[2]We reject Howard's argument that a *McCoy* claim is based on informed consent rather than an unambiguous objection. The Court in

Further, Howard failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). *See Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001). We therefore conclude that the district court did not err by denying Howard's petition as procedurally barred.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Stiglich

cc:     Hon. William D. Kephart, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City

---

*McCoy* explicitly stated that *Florida v. Nixon*, 543 U.S. 175 (2004), "is not to the contrary." *McCoy*, 584 U.S. at ___, 138 S. Ct. at 1509. In *Nixon*, the Court determined that where counsel informed the defendant of the concession strategy and the defendant neither consented nor objected, counsel was "not additionally required to gain express consent before conceding Nixon's guilt." 543 U.S. at 189; *see Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) ("[A] concession strategy does not involve the waiver of a constitutional right that must be knowing and voluntary.").

[3]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.

Clark County District Attorney
Eighth District Court Clerk