# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEL CARDENAS,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 82364

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge. Appellant Joel Cardenas argues that the district court erred in denying his petition as procedurally barred. We affirm.

Cardenas filed the petition seven years after remittitur issued on his direct appeal. *Cardenas v. State*, Docket No. 58595 (Order of Affirmance, April 11, 2012). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus. *See* NRS 34.810(1)(b), (2); *Cardenas v. State*, Docket No. 65222 (Order of Affirmance, January 15, 2015). Accordingly, Cardenas' petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Cardenas had to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

21-32361

Cardenas argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause because his trial counsel contradicted his defense and thus conceded guilt. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt of a charged crime where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.*; *see also Florida v. Nixon*, 543 U.S. 175, 186-92 (2004) (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[1]

Here, the record repels Cardenas' claims that trial counsel conceded his guilt. Cardenas expressed his intent to maintain his innocence when he testified that the sexual encounter was consensual. Counsel, however, did not concede guilt in opening statement or closing argument when counsel represented that the victim was drunk during the incident, such that her memory was purportedly unreliable. Not only did this argument accord with Cardenas' testimony, but any slight discrepancy would fall within counsel's province and would not amount to infringing on Cardenas' broader decision to maintain his innocence. *See McCoy*, 138 S. Ct. at 1508 (distinguishing counsel's trial management including deciding what arguments to make from a defendant's decision whether to maintain innocence). Moreover, the record belies Cardenas' argument that counsel conceded guilt by arguing or implying that the victim was too intoxicated to

---

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

consent, as counsel did not. And Cardenas' argument that counsel conceded his guilt when counsel stated if the jury found Cardenas guilty, it should only find him guilty of attempted sexual assault also fails.[2] In context, counsel never conceded that the evidence showed that Cardenas was guilty of attempted sexual assault; to the contrary, he argued the opposite mere seconds earlier. Counsel's argument did not relieve the State of its burden to demonstrate Cardenas' guilt beyond a reasonable doubt when taken in context. *See Armenta-Carpio v. State*, 129 Nev. 531, 534, 306 P.3d 395, 397 (2013) (recognizing "that conceding guilt relieves the State of its burden of proof for an offense"). Because *McCoy* is distinguishable, we need not resolve Cardenas' argument that *McCoy* applies retroactively. *Cf. Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021) ("[N]ew procedural rules apply to cases pending in trial courts and on direct review. But new procedural rules do not apply retroactively on federal collateral review."). Accordingly, Cardenas has not shown that *McCoy* provides good cause.

Next, Cardenas argues that ineffective assistance of postconviction counsel provides good cause. We disagree. Cardenas was not entitled to the effective assistance of postconviction counsel in a noncapital case. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014) (concluding that claims of ineffective assistance of postconviction

---

[2]Specifically, counsel argued—

> You have to look at this sexual assault—guilty or not guilty—or attempt sexual assault—guilty or not guilty. I would respectfully submit to you that based upon the evidence that you've heard in this courtroom, the appropriate verdict is not guilty. However, in a worst, worst, worst scenario, this was at best an attempt sexual assault.

Supreme Court
OF
Nevada

(O) 1947A

3

counsel in noncapital cases do not constitute good cause for a successive petition because there is no entitlement to appointed counsel). We decline Cardenas' request to overrule or reconsider *Brown.*

Further, Cardenas has not demonstrated the district court erred in determining the petition was barred by laches. The State sufficiently pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Cardenas has not overcome the presumption of prejudice to the State. *See* NRS 34.800(1) (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); *see also Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

We conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches. *See State v. Eighth Judicial Dist. Court (Riker),* 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005). We therefore

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Cadish

_____, Sr.J.
Gibbons

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

Supreme Court
OF
Nevada

(O) 1947A

4

cc:    Hon. Robert W. Lane, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Nye County District Attorney
        Nye County Clerk