# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARMANDO VERGARA-MARTINEZ,
A/K/A ARMANDO MARTINEZ
VERGARA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67837



FILED

SEP 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Appellant was convicted of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, and mayhem. While an appeal from his judgment of conviction was pending, appellant filed a postconviction petition raising claims of ineffective assistance of trial counsel, which the district court denied.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3) (amended effective October 1, 2015), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

16-28924

100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contended that counsel were ineffective because they failed to investigate and present evidence which would have supported his voluntary intoxication defense[2] and lacked the legal knowledge to present the defense. The district court denied these claims because counsel presented evidence that appellant was intoxicated and appellant failed to demonstrate that additional evidence would have changed the result at trial. We agree. At trial, the State presented evidence that appellant resented the victim, his former girlfriend, because she had begun dating another man. Before the attack, appellant drafted a note apologizing for his subsequent actions. Appellant then drove to the victim's place of work, parked near her vehicle, and waited for her to finish her shift. When she exited, appellant attacked her with a machete, splitting her skull and nearly severing her hands. These actions showed that appellant was guilty of the charged crimes despite any intoxication. *See* NRS 193.220 ("No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his . . . condition, but . . . the fact of the person's intoxication may be taken into consideration in determining the purpose, motive or intent."); *see also*

_____

[2]Appellant also contends that counsel failed to obtain statements made by the victim and other witnesses, but he does not explain how this evidence would have changed the result at trial.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Sharma v. State*, 118 Nev. 648, 659, 56 P.3d 868, 874 (2002) ("[I]ntent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime, which are capable of proof at trial."). Considering that, and other evidence presented at trial, there is not a reasonable probability that the result of trial would have been different had counsel acted differently. Accordingly, we conclude that the district court did not err by denying this claim.

Second, appellant contended that counsel were ineffective for failing to move for a change of venue due to extensive pretrial publicity and failing to make a record of the emotional courtroom environment. Appellant did not demonstrate that counsel were ineffective. Although the media reported on the case and members of the community engaged in emotional displays during trial, appellant failed to demonstrate that a reasonable attorney would have moved to change the venue under the circumstances or that the motion would have been successful.[3] *See* NRS 174.455(1) (explaining that the defendant may request removal on the ground that a fair and impartial trial cannot be had in the county where the case is pending); NRS 174.455(2) ("An application for removal of a criminal action shall not be granted by the court until after the voir dire examination has been conducted and it is apparent to the court that the selection of a fair and impartial jury cannot be had."). Appellant also failed to demonstrate that any members of the jury were biased against him. *See Rhyne v. State*, 118 Nev. 1, 11, 38 P.3d 163, 169 (2002) (holding

---

[3]We note that counsel moved for a mistrial and requested appropriate instructions regarding the emotional outbursts.

that "where a defendant fails to demonstrate actual bias on the part of the jury ultimately empaneled, this court will not presume prejudice based on extensive pretrial publicity"). Accordingly, we conclude that the district court did not err by denying this claim.

Third, appellant contended that counsel were ineffective for conceding his guilt to the battery and mayhem counts. Appellant failed to demonstrate that counsel were deficient. Given the evidence presented at trial, counsel's strategic decision to concede appellant's guilt to these charges was reasonable. *See Armenta-Carpio v. State*, 129 Nev., Adv. Op. 54, 306 P.3d 395, 399 (2013) (holding that counsel may concede his client's guilt but reasonableness of that strategy is challengeable pursuant to *Strickland*). Moreover, appellant failed to demonstrate prejudice because the evidence that he committed battery and mayhem was overwhelming. Accordingly, we conclude that the district court did not err by denying this claim.

Fourth, appellant contended that counsel were deficient for allowing him to be sentenced for both battery and mayhem. Appellant failed to demonstrate that counsel were ineffective. The underlying legal issue was raised on direct appeal and rejected by this court because each conviction stemmed from a separate act and therefore it was appropriate for appellant to be sentenced on both counts. *Vergara-Martinez v. State*, Docket No. 65853 (Order of Affirmance, April 5, 2016); *cf. Jackson v. State*, 128 Nev. 598, 610 n.8, 291 P.3d 1274, 1283 n.8 (2012) (suggesting that relevant statutes preclude conviction for both mayhem and battery causing substantial bodily harm where they are based on the same act). Accordingly, we conclude that the district court did not err by denying this claim.

Fifth, appellant contended that counsel were ineffective for "attacking" him during his direct examination without preparing him. Appellant failed to demonstrate that counsel was deficient. Counsel's decision regarding how to question witnesses is a strategic decision entitled to deference. *See generally Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) ("A strategy decision, such as who should be called as a witness, is a tactical decision that is virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Even assuming otherwise, appellant failed to demonstrate prejudice because there is not a reasonable probability that the result of trial would have been different. Accordingly, we conclude that the district court did not err by denying this claim.

Sixth, appellant contended that counsels' deficiencies, considered cumulatively, warrant reversal new trial. *See McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009) (assuming for sake of argument that multiple claims of constitutionally deficient counsel may be cumulated to demonstrate prejudice). Having found no deficiencies in counsel's performance, there is nothing to cumulate for purposes of a prejudice determination. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Chief Judge, The Eighth Judicial District Court
Hon. Joseph T. Bonaventure, Senior Judge
Armando Vergara-Martinez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A