IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONARD W. HILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67674

FILED

NOV 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Leonard W. Hill's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Hill contends that the district court erred by denying his claims of ineffective assistance of counsel without conducting an evidentiary hearing. We affirm.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984). An evidentiary hearing is warranted where a petitioner presents specific facts not belied by the record which, if true, warrant relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). We give deference to the district court's factual findings if supported by substantial evidence but review the court's application of the

16-35961

law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Hill contends that trial counsel should have cross-examined the medical examiner about a pamphlet from a seminar she attended, after which she changed her opinion regarding the length of time it takes to die from strangulation. Hill failed to demonstrate deficient performance considering the medical examiner's testimony that her opinion was based on information she learned at the seminar and other research, not the information included in the pamphlet. Hill also failed to demonstrate prejudice considering the medical examiner's testimony that there was not a clear consensus in the medical community regarding how long it takes to die from strangulation and that she could not determine how long the victim was strangled in this case. Although Hill asserts that counsel should have presented expert testimony to demonstrate the lack of consensus, he does not identify an expert who counsel should have retained or describe the testimony such an expert would have given that would not have been cumulative of the medical examiner's testimony about the lack of consensus. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225 (observing that no relief was warranted where the claim "was not accompanied by the witness' names or descriptions of their intended testimony"); *Elam v. Denney*, 662 F.3d 1059, 1067 (8th Cir. 2011) (observing that "failure to present cumulative evidence does not constitute ineffective assistance of counsel"). We therefore conclude that Hill has not demonstrated that the district court erred by denying this claim.[1]

---

[1]Hill also contends that counsel should have objected when the State moved to admit the pamphlet into evidence but offers no legal authority or
*continued on next page . . .*

Second, Hill contends that trial counsel should have objected to testimony from the victim's sister that the victim intended to obtain a protective order. Hill failed to demonstrate deficient performance as the sister's testimony, when considered in context, does not explicitly or implicitly reference an otherwise inadmissible bad act and therefore an objection would not have been successful on this basis. *See Ennis v. State,* 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). Hill also failed to demonstrate prejudice as the victim's intent to obtain a protective order was elicited from other witnesses whose testimony he does not challenge. Moreover, he does not contend that the result of trial would have been different had counsel objected to the victim's sister's testimony. We therefore conclude that Hill has not demonstrated that the district court erred by denying this claim.

Third, Hill contends that trial counsel implicitly admitted his guilt during voir dire. Hill failed to demonstrate deficient performance because counsel merely acknowledged that Hill caused the victim's death, which was not in dispute and was consistent with his theories of defense (that he acted without premeditation or deliberation, in the heat of passion, or in self-defense). *See Armenta-Carpio v. State,* 129 Nev. 531, 306 P.3d 396 (2013) (recognizing that concession as to some elements may be a reasonable trial strategy depending on circumstances of case). We

---

*. . . continued*
cogent argument in support of this contention. We therefore decline to consider it. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

SUPREME COURT
OF
NEVADA

(O) 1947A

therefore conclude that Hill has not demonstrated that the district court erred by denying this claim.

Fourth, Hill contends that trial counsel should have objected to the venire on the grounds that the members were not randomly selected, pointing to the fact that the venire included a married couple, a person who knew one of the State's witnesses, and three attorneys. Hill failed to demonstrate deficient performance as he does not identify the legal basis upon which counsel could have successfully objected to the venire. Although he points to authority regarding *Batson*[2] and fair-cross-section[3] challenges, he does not explain how either line of cases is relevant and the facts that he points out regarding the venire are not relevant to a *Batson* or fair-cross-section challenge. We therefore conclude that Hill has not demonstrated that the district court erred by denying this claim.

Fifth, Hill contends that trial counsel should have objected to instructions that he claims informed jurors they could not consider a lesser-included offense unless "some" of them were not convinced of his guilt beyond a reasonable doubt. Hill failed to demonstrate deficient performance or prejudice because the identified instructions (10 and 15)

---

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that the State may not exercise peremptory challenges to remove prospective jurors based solely upon their race).

[3]*See, e.g., Evans v. State*, 112 Nev. 1172, 1186, 926 P.2d 265, 274 (1996) ("The fair-cross-section requirement mandates that 'the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." (quoting *Taylor v. Louisiana*, 419 U.S. 522, 538, (1975))).

are consistent with Nevada law as established in *Green v. State*, 119 Nev. 542, 80 P.3d 93 (2003). We therefore conclude that Hill has not demonstrated that the district court erred by denying this claim.

Sixth, Hill contends that counsel should have objected to prosecutorial misconduct and raised the misconduct on appeal. Hill failed to demonstrate deficient performance or prejudice as none of the identified comments rise to the level of prejudicial misconduct.[4] *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (discussing instances of prosecutorial misconduct). We therefore conclude that Hill has not demonstrated that the district court erred by denying this claim.

Seventh, Hill contends that counsel's derelictions, considered cumulatively, entitle him to relief. We disagree because Hill failed to demonstrate any deficiencies in counsel's performance and, therefore, there is nothing to cumulate.

Having considered Hill's contentions, we conclude that the district court did not err by denying his petition without conducting an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parriguarre

_____, J.
Hardesty

_____, J.
Pickering

---

[4]We note that the prosecutor's comment that defense counsel was performing a "Columbo act" occurred outside the presence of the jury.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michelle Leavitt, District Judge
Karen A. Connolly, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk