IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS ANGEL CARDENAS-ORNELAS,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER,
Respondent.

No. 68966

**FILED**

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Luis Angel Cardenas-Ornelas's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge. Cardenas-Ornelas argues that trial counsel provided ineffective assistance, raising five such claims. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is

SUPREME COURT
OF
NEVADA

(O) 1947A

17-12339

strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are more than bare allegations and are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Cardenas-Ornelas first argues that counsel should have retained and presented expert testimony on bullet trajectories and gang affiliation to show that he acted in self-defense. Cardenas-Ornelas drove up with his brother and their friend to a group of young men with whom they had a dispute, fired an assault rifle at them, and killed one of their number. The fatal bullet and the crime scene belied Cardenas-Ornelas's claim that the assault rifle was fired in self-defense at the unarmed victims. NRS 200.020(2) ("Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart."); *Keys v. State*, 104 Nev. 736, 738, 766 P.2d 270, 271 (1988) (explaining that malice may be implied from intentionally using a firearm in a deadly and dangerous manner that is reckless as to the lives of others). As the record belies the allegation that expert testimony on bullet trajectories would support self-defense, Cardenas-Ornelas failed to show that counsel was deficient in omitting such experts or that he was prejudiced by their absence. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) ("A strategy decision, such as who should be called as a witness, is a tactical decision that is virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). And Cardenas-Ornelas has failed to

allege specific facts to which a gang-affiliation expert would have testified that would support an entitlement to relief, beyond the bare claim that it would show that he acted "in the face of gang aggression," particularly as he was the apparent aggressor. The district court therefore did not err in denying this claim without an evidentiary hearing.[1]

Second, Cardenas-Ornelas argues that counsel should have investigated and presented witness testimony to show that he acted in self-defense. Cardenas-Ornelas did not identify the witnesses who would have testified on this matter or the substance of their testimony and thus has failed to show that counsel was ineffective in this regard. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (petitioner claiming counsel did not conduct adequate investigation must specify what a more thorough investigation would have uncovered). The district court therefore did not err in denying this claim without an evidentiary hearing.

Third, Cardenas-Ornelas argues that counsel failed to adequately advise him on the consequences of the plea offer that he refused. He does not, however, specifically allege what counsel communicated regarding the plea or how the information or advice provided was deficient. Accordingly, this is a bare claim, and the district court therefore did not err in denying it without an evidentiary hearing.

Fourth, Cardenas-Ornelas argues that counsel should have presented mitigation evidence at sentencing, including a psychological

---

[1]Cardenas-Ornelas did not provide a trial transcript on appeal. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). We have relied on the appendix provided by the State in conducting our review.

evaluation. Cardenas-Ornelas does not identify any psychologist who would testify that he would be likely to rehabilitate and contribute to society, and this allegation was thus purely speculative. Cardenas-Ornelas does not specifically identify any other mitigation evidence that counsel could have obtained. *See Hernandez v. State*, 124 Nev. 978, 991, 194 P.3d 1235, 1244 (2008), *overruled on other grounds by Armenta-Carpio v. State*, 129 Nev. 531, 306 P.3d 395 (2013). The district court therefore did not err in denying this bare claim without an evidentiary hearing.

Lastly, Cardenas-Ornelas argues that cumulative error merits relief. Cardenas-Ornelas has failed to identify any error to cumulate, and the district court therefore did not err in denying this claim.

Having considered Cardenas-Ornelas's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Patrick Flanagan, District Judge
      Law Office of Thomas L. Qualls, Ltd.
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk