IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCO ANTONIO GUZMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69427

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Marco Guzman's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Guzman's petition raised several claims of ineffective assistance of counsel. The district court denied the petition after an evidentiary hearing. We conclude that the district court did not err and affirm.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the *Strickland* test). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Guzman contends that counsel was ineffective because he conceded Guzman's guilt during closing argument after Guzman testified that he acted in self-defense. We disagree. Counsel argued that Guzman acted in self-defense but also argued that, in the alternative,

17-19905

Guzman's actions constituted second-degree murder or voluntary manslaughter rather than first-degree murder. This strategy is entitled to deference and was reasonable under the circumstances. *See Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (recognizing that "[a] concession of guilt is simply a trial strategy—no different than any other strategy the defense might employ at trial" and counsel's decision should be reviewed for reasonableness); *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (observing that strategic decisions are virtually unchallengeable under most circumstances).[1] Accordingly, we conclude that the district court did not err by denying this claim.

Second, Guzman contends that counsel should have presented testimony from a "self-defense expert." At the evidentiary hearing, counsel explained that he did not believe such an expert was necessary because the circumstances spoke for themselves and an expert would have undoubtedly been confronted with the unhelpful facts that Guzman went to the victims' apartment to enforce a debt, brought a firearm, and shot one of the victims in the back of the head at close range. Guzman failed to demonstrate that a reasonable attorney would have pursued this matter further. *See Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes

---

[1]This case is distinguishable from *Jones v. State*, 110 Nev. 730, 877 P.2d 1052 (1994), because counsel did not undermine Guzman's testimony or suggest that his testimony was completely untruthful; counsel simply acknowledged that Guzman's actions might not meet the legal definition of self-defense under the circumstances. Therefore, even assuming that *Jones* remains good law, *see Armenta-Carpio*, 129 Nev. at 536 n.1, 306 P.3d at 399 n.1, no relief is warranted.

particular investigations unnecessary."). Moreover, Guzman did not identify an expert in his petition or at the evidentiary hearing or provide specific examples of what testimony an expert would have provided.[2] He therefore failed to demonstrate a reasonable probability that the result of trial would have been different but for counsel's error. Accordingly, we conclude that the district court did not err by denying this claim.

Third, Guzman contends that counsel should have presented medical records or expert testimony establishing that his right hand was injured at the time of the incident. Because the evidence presented at trial established that Guzman's hand was in a cast at the time of the incident and further evidence regarding the extent of his injuries was unnecessary, particularly given that he admitted to shooting the victims, Guzman failed to demonstrate deficient performance or prejudice. Therefore, we conclude that the district court did not err by denying this claim.

Fourth, Guzman contends that counsel should have presented expert testimony from a toxicologist, who could have explained that the victims' methamphetamine use would have made them aggressive and paranoid. Counsel explained that he made a strategic decision to elicit this testimony from one of the State's witnesses. This decision was reasonable. Guzman also failed to demonstrate a reasonable probability of a different result had this evidence been presented. Therefore, we conclude that the district court did not err by denying this claim.

---

[2]Although Guzman stated below that the district court had not authorized funding for him to contact experts, he does not raise this matter on appeal.

Fifth, Guzman contends that counsel should have presented testimony from an expert that the wound to one of the victims' heads was not a contact wound as the State alleged. However, Guzman concedes that counsel consulted with such an expert who opined that the wound was indeed a contact wound. Counsel was not required to continue searching for an expert who might reach a different, more favorable opinion. *See Dees v. Caspiri*, 904 F.2d 452, 454 (8th Cir. 1990) (observing that counsel does not have a duty to "continue looking for experts just because the one he has consulted gave an unfavorable opinion"). Therefore, Guzman failed to demonstrate deficient performance. As such, we conclude that the district court did not err by denying this claim.

Sixth, Guzman contends that cumulative error warrants relief. There are no errors to cumulate. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. William D. Kephart, District Judge
      Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk