UNITED STATES of America,
Plaintiff–Appellee,

v.

Donte T. ROBERTS, Defendant–
Appellant.

No. 98–1485.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 10, 1998.

Decided Dec. 15, 1998.

Andrew B. Baker, Jr., Jonathan L. Marks (argued), Office of United States Attorney, Dyer, IN, for Plaintiff–Appellee.

Charles E. Stewart, Jr. (argued), Crown Point, IN, for Defendant–Appellant.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Thirty-two members of the venire in this criminal prosecution for distributing crack cocaine in Gary, Indiana, were questioned before a jury could be selected. Twenty-six were white and six black. The defense exercised all ten of its peremptory challenges against white persons; the prosecution removed two of the six black members of the pool, and left half of its challenges unexercised. Yet it is the defendant who complains about the use of racial criteria in jury selection, and the prosecutor's lame explanations lend credence to the argument. (All of the defendant's arguments other than the one based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), are frivolous, and we pretermit discussion of them.)

The challenges in question are of Juror No. 5 and Juror No. 13. The prosecutor explained that he struck Juror No. 5 because "[s]he indicated she has a number of sons who grew up in Gary. My concern is that she may associate with the defendant . . . albeit subconsciously." As for Juror No. 13, the prosecutor stated, "[h]is background is that he has been teaching elementary students all his career. And it's been the government's experience in the past that elementary teachers tend to find that there are no bad kids, consequently, would be also not neutral towards the government's case." Neither reason is sound. Gary is not such a haven for criminals that raising children there demonstrates sympathy toward crime; to the contrary, long-time residents of the city have strong reasons to fear crime and therefore to aid efforts to suppress it. The proposition that elementary school teachers think that all

children are angels is fantastic; no teacher today is unaware of or indifferent to antisocial activity by some pupils, and many elementary schools struggle to control the possession (and use) of drugs or weapons by their pupils and teenagers who haunt the grounds.

Although *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), holds that even silly or superstitious reasons for peremptory challenges are (constitutionally) legitimate, the Court added that the weaker the reason the more likely it is to be a pretext for discrimination. The reasons offered for these two strikes are so flimsy that the possibility of pretext is substantial. The district judge expressed particular concern about the first, for the population of Gary was 81% black when the 1990 Census was taken, and the explanation "Juror 5 raised a family in Gary" thus may be a euphemism for "Juror 5 is black." *Batson* establishes a rule of disparate treatment, not of disparate impact, see *Hernandez v. New York*, 500 U.S. 352, 359–60, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion), *id.* at 372–75, 111 S.Ct. 1859 (O'Connor, J., concurring), so if the United States Attorney for the Northern District of Indiana regularly challenged jurors who have raised large families in the city where the crime was committed, then the fact that in a given case this practice removed persons predominantly of one race would be irrelevant. But at oral argument the Assistant United States Attorney denied that the office follows such a practice; jurors who raise families in Fort Wayne (82% white) or South Bend (78% white) are not automatically challenged when crimes occur there. The district judge readily could have concluded that the challenge to Juror No. 5 was motivated by her race.

A similar conclusion for the challenge to Juror No. 13 also would have been reasonable. Having announced that elementary school teachers are bleeding hearts who do not support criminal punishment, the prosecutor neglected to exercise a peremptory challenge against the other elementary school teacher in the venire. The only apparent difference between the challenged teacher and the unchallenged teacher is race, which calls into question the prosecutor's assertion that he finds all elementary school teachers to be unsuitable jurors. In this court the prosecutor suggested a second reason: that the challenged teacher lives in Gary, while the unchallenged teacher lives in Portage. A judge easily could have concluded that this "explanation" just proves that "lives in Gary" was being used as a proxy for race.

[1–3] But although the judge *could* have drawn the inference that race was a better explanatory variable than the feeble reasons the prosecutor offered, the judge did not do so. After insisting that the prosecutor explain his actions (a step that moots all questions about whether the defense established a prima facie case of discrimination, see *Hernandez*, 500 U.S. at 359, 111 S.Ct. 1859 (plurality opinion)), and listening to argument from counsel, the judge concluded that the challenges were race-neutral. This is a finding of fact, which stands unless clearly erroneous. *Hernandez*, 500 U.S. at 364–65, 111 S.Ct. 1859 (plurality opinion), *id.* at 372, 111 S.Ct. 1859 (O'Connor, J., concurring); *Coulter v. Gilmore*, 155 F.3d 912, 918 (7th Cir. 1998). Cf. *Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). The finding that the true reasons were the stated ones is not clearly erroneous. As seated, the jury had ten white and two black members, about the same ratio as the venire, yet the prosecutor had enough unused challenges to have struck the two black jurors. (Contrast *Mahaffey v. Page*, 162 F.3d 481 (7th Cir.1998), in which the prosecutor struck all of the venire's black members.) The two black members of the jury came from Gary, which permitted the judge to conclude that the prosecutor had not used residence in Gary as a code word for race. The district judge did not discuss the unsettling fact that the prosecutor challenged a black elementary school teacher but not a white elementary school teacher, even though the stated reason applies to all elementary school teachers, but this omission is understandable. Defense counsel did not call the discrepancy to the district judge's attention and thus forfeited reliance on it; a judge is not required to discuss a feature of the case that eluded the attention of counsel.

*Batson* requires the judge to determine whether a race-neutral reason offered for a challenge is honest, and district judges are much better situated than appellate judges to evaluate the honesty of the lawyers who practice in district court. In the end, although the jury selection raises substantial questions about the conduct and candor of the prosecutor who selected this jury, the district judge's decision that the explanation was honest must be accepted.

AFFIRMED.