COLLIE HAWKINS, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 54850

August 4, 2011                                        256 P.3d 965

[Rehearing denied October 7, 2011]
[En banc reconsideration denied December 20, 2011]

*Philip J. Kohn*, Public Defender, and *Howard S. Brooks*, Deputy Public Defender, Clark County, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Steven S. Owens*, Chief Deputy District Attorney, Clark County, for Respondent.

---

Before DOUGLAS, C.J., HARDESTY and PICKERING, JJ.

## OPINION

By the Court, PICKERING, J.:

Appellant Collie Hawkins contends that the district court erred by rejecting his challenges to the State's peremptory challenges of three jurors as impermissible race discrimination under *Batson v. Kentucky*, 476 U.S. 79 (1986). On the record and briefs presented, we cannot sustain this claim.

The defense objected to the State's peremptory challenges, citing *Batson*. The State responded with ostensibly race-neutral explanations for its juror strikes. In particular, the State justified removing a Middle-Eastern computer science professor from the jury because "professors are notoriously liberal," further clarifying, "I just don't like them on my juries, period." The defense did not challenge the State's explanations as pretextual or the district court's acceptance of them as illegitimate.[1] *But see Kaczmarek v. State*, 120 Nev. 314, 333, 91 P.3d 16, 29 (2004) (" 'Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.' " (quoting *Hernandez v. New York*, 500 U.S. 352, 360 (1991))).

Appellate review of a *Batson* challenge gives deference to "[t]he trial court's decision on the ultimate question of discriminatory intent." *Diomampo v. State*, 124 Nev. 414, 422-23, 185 P.3d 1031, 1036-37 (2008) (alteration in original) (internal quotation marks omitted). In *Felkner v. Jackson*, the prosecutor struck an African American from the jury because she had a master's degree in social work. 562 U.S. 594, 595 (2011). When the defense objected, citing *Batson*, the state trial court accepted the prosecutor's explanation "that he does not 'like to keep social workers' " and rejected the *Batson* challenge. *Id.* The defense claimed that removal on the basis of education and occupation was a form of discrimination but did not specifically challenge the reason as being pretextual until the appeal. *Id.* Both the state court and federal district court affirmed the trial court's *Batson* decision on habeas review. *Id.* at 597. However, the Ninth Circuit summarily reversed. *Id.*

The Supreme Court in *Felkner* in turn reversed the Ninth Circuit. *Id.* It held that the trial court did not act unreasonably in deeming the prosecutor's explanation about not "lik[ing] to keep social workers" to be "race-neutral" and that the determination of pretext thus came down to a credibility determination by the trial court judge. *Id.* (citing *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008)); *see also Purkett v. Elem*, 514 U.S. 765, 767-68 (1995).

As in *Felkner*, the district court in this case accepted the State's dislike of professors as an adequate explanation for the peremptory

---

[1]The State also struck two Hispanic jurors, one because he served on another jury and seemed proud that the defendant was acquitted, and another because the prosecution believed the juror was lying.

challenge when the defense did not challenge the explanation as pretextual. Among the bases for finding pretext are:

> (1) the similarity of answers to voir dire questions given by [minority] prospective jurors who were struck by the prosecutor and answers by [nonminority] prospective jurors who were not struck, (2) the disparate questioning by the prosecutors of [minority] and [nonminority] prospective jurors, (3) the use by the prosecutors of the "jury shuffle," and (4) evidence of historical discrimination against minorities in jury selection by the district attorney's office.

*Ford v. State*, 122 Nev. 398, 405, 132 P.3d 574, 578-79 (2006) (internal footnote omitted) (citing *Miller-El v. Dretke*, 545 U.S. 231, 240-65 (2005)). In addition, "[a]n implausible or fantastic justification by the State may, and probably will, be found to be pretext for intentional discrimination." *Id.* at 404, 132 P.3d at 578 (citing *Kaczmarek*, 120 Nev. at 334, 91 P.3d at 30).

Here, the defense did not develop pretext.

There are three stages to a *Batson* challenge—(1) the opponent of the peremptory challenge must show "a prima facie case of racial discrimination"; (2) the proponent of the peremptory challenge must then present a race-neutral explanation; and (3) the trial court must determine whether the parties have satisfied their respective burdens of proving or rebutting purposeful racial discrimination. *Purkett*, 514 U.S. at 767.

> It is not until the *third* step that the persuasiveness of the justification becomes relevant—the step in which the trial court determines whether the opponent of the strike has carried his burden . . . . [T]o say that a trial judge *may choose to disbelieve* a silly or superstitious reason at step three is quite different from saying that a trial judge *must terminate* the inquiry at step two when the race-neutral reason is silly or superstitious. The latter violates the principle that the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.

*Id.* at 768. The defense in this case, as the opponent of the challenges, stopped at step 1. Failing to traverse an ostensibly race-neutral explanation for a peremptory challenge as pretextual in the district court stymies meaningful appellate review which, as noted, is deferential to the district court.

*United States v. Roberts*, 163 F.3d 998 (7th Cir. 1998), is instructive. There, the prosecution peremptorily challenged an African-American juror and offered as his race-neutral explanation that the juror was a teacher and would "not [be] neutral towards the government's case." *Id.* at 998. The defendant failed to point

out that there was a Caucasian teacher in the venire whom the prosecutor did not challenge, a point he tried to develop on appeal. *Id.* at 999. The Seventh Circuit recognized that the prosecutor's reason for striking the African-American teacher was "lame," *id.* at 998, but, nevertheless, upheld the lower court decision to reject the *Batson* challenge as "a finding of fact, which stands unless clearly erroneous." *Id.* at 999; *cf. Johnson v. Gibson*, 169 F.3d 1239, 1248 (10th Cir. 1999) (holding that *Batson* does not impose "an independent duty on the trial court to pore over the record and compare the characteristics of jurors, searching for evidence of pretext, absent any pretext argument or evidence presented by counsel").

It is almost impossible for this court to determine if the reason for the peremptory challenge is pretextual without adequate development in the district court. Although the district court did not make specific findings, the prosecutor's explanations for removing the jurors did not reflect an inherent intent to discriminate, and Hawkins failed to show purposeful discrimination or pretext or to offer any analysis of the relevant considerations, such as comparative juror analysis or disparate questioning. Hawkins similarly offers no relevant argument on appeal other than the summary conclusion that the prosecutor's reasons for removing the jurors were pretextual. This is not enough.

For these reasons, we conclude that the district court did not err by rejecting Hawkins' *Batson* challenge, and we affirm the judgment of conviction.

DOUGLAS, C.J., and HARDESTY, J., concur.