IN THE SUPREME COURT OF THE STATE OF NEVADA

CORITHIAN EDWARDS A/K/A CORINTHIAN CONWAY EDWARDS, Appellant,
vs.
THE STATE OF NEVADA, Respondent.

No. 66893

FILED

MAY 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of conspiracy to commit robbery, three counts of burglary while in possession of a firearm, three counts of assault with a deadly weapon, six counts of robbery with the use of a deadly weapon, three counts of attempted murder with the use of a deadly weapon, and one count of battery with use of a deadly weapon resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

First, appellant Corinthian Edwards contends that the State exercised a peremptory challenge in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). Proving a *Batson* violation involves three steps. *Hawkins v. State*, 127 Nev. 575, 578, 256 P.3d 965, 966 (2011); *Purkett v. Elem*, 514 U.S. 765, 767 (1995) (summarizing the three-step *Batson* analysis). First, "the opponent of the peremptory challenge must make out a prima facie case of discrimination." *Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006). Next, "the production burden then shifts to the proponent of the challenge to assert a neutral explanation for the challenge." *Id.* Finally, "the trial court must then decide whether the opponent of the challenge has proved purposeful discrimination." *Id.* This court reviews the district

16-14929

court's ruling on a *Batson* challenge for clear error. *Conner v. State*, 130 Nev., Adv. Op. 49, 327 P.3d 503, 510 (2014).

The district court found that Edwards made a prima facie case of discrimination and asked the State to give a race-neutral reason for its exercise of a peremptory challenge on potential juror 394, an African American. The State explained that it did not want her on the jury because she had testified as an alibi witness in her cousin's criminal trial.[1] Edwards argued that the State's explanation was pretextual, which was evidenced by the fact that the State withdrew its challenge to a different potential juror who was also African American. Edwards also argued that eliminating all jurors who had testified on behalf of a family member in a criminal trial would have a disparate impact on African Americans as a group. The district court held that the State's reason was not pretextual and denied the *Batson* challenge.

Edwards fails to demonstrate that the district court erred. Edwards provides no analysis of the bases for pretext this court has previously acknowledged, *see Hawkins*, 127 Nev. at 578-79, 256 P.3d at 968; *Conner*, 130 Nev., Adv. Op. 49, 327 P.3d at 510, and has not convinced us that we should disregard the district court's determination that the prosecutor's given reason was race-neutral, *see Hernandez v. New York*, 500 U.S. 352, 365 ("In the typical peremptory challenge inquiry, the

---

[1]On appeal, the State argues that the prosecutor might have exercised a peremptory challenge on potential juror 394 because she was related to noted public defenders in Clark County. We decline to consider this argument as it was not offered below. *See Miller-El v. Dretke*, 545 U.S. 231, 246 (2005) ("It would be difficult to credit the State's new explanation, which reeks of afterthought.").

decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge."). Accordingly, we conclude that no relief is warranted on this claim.

Second, Edwards contends that insufficient evidence supports two of his attempted murder convictions because there was no indication that the shooters intended to kill the victims.[2] Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence presented at trial clearly indicates that the suspects shot at the victims and the jury could reasonably infer they intended to kill the victims even though they did not announce their intent to do so. *See* NRS 200.010 (defining murder); NRS 193.330(1) (defining attempt); *see also Grant v. State*, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001) ("Intent need not be proven by direct evidence but can be inferred from conduct and circumstantial evidence."). A verdict will not be disturbed on appeal where, as here, it is supported by substantial evidence. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

---

[2]In his reply brief, Edwards contends that the State presented insufficient evidence that he specifically intended for his accomplice to kill the victim he shot at and the instruction regarding accomplice liability was insufficient. We decline to consider these assertions as they were raised for the first time in Edwards' reply brief. *See LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 929 n.7 (2014); NRAP 28(c).

Third, Edwards contends that the district court abused its discretion by allowing a detective to testify that he confessed to his cellmate that he committed the robberies. We review the district court's decision to admit evidence for abuse of discretion. *Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006). This testimony was not hearsay because it was not offered for the truth of the matter asserted but to explain why the detective did not test evidence for DNA. *See* NRS 51.035. However, because the statement was not offered for the truth of the matter asserted, its probative value was substantially outweighed by the danger for unfair prejudice. *See* NRS 48.035. We thereby conclude that the district court abused its discretion by admitting this testimony. However, we also conclude that the error was harmless for several reasons. First, the district court gave a strong admonishment regarding the permissible use of the evidence. *See Allred v. State*, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004) (explaining that this court presumes juries follow instructions). Second, Edwards, not the State, brought up the fact that he had allegedly confessed in his opening statement. Third, the evidence against Edwards was strong, consisting of numerous eyewitness identifications, physical evidence, and video evidence.[3] *See Tavares v.*

---

[3]Edwards also argues that admission of the evidence violated his right to confrontation and warranted a mistrial. We are not convinced that Edwards preserved these claims because, after counsel Jeannie Hua made these arguments below, counsel Jonathan MacArthur made statements which suggest that the defense withdrew these objections. MacArthur also noted that any prejudice could be remedied by an admonishment, which the district court gave. In any event, admission of the evidence did not violate Edwards' right to confrontation because it was not offered for the truth of the matter asserted. *See Crawford v.*

*continued on next page . . .*

*State*, 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (explaining that the test for nonconstitutional harmless error "is whether the error had substantial and injurious effect or influence in determining the jury's verdict" (internal quotation marks omitted)), *holding modified by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). Accordingly, we conclude that no relief is warranted on this claim.

Fourth, Edwards contends that the district court abused its discretion by declining to admit the judgment of conviction and guilty plea agreement of his accomplice, Lamar Harris.[4] We conclude that the district court did not abuse its discretion because the relationship between this evidence and the point Edwards claims he was trying to make was tenuous at best and therefore he fails to convince us that the evidence was relevant or otherwise admissible. *See* NRS 48.015 (defining relevant evidence); NRS 48.035 (explaining that relevant evidence may be excluded when it is confusing or misleading). Accordingly, we conclude that no relief is warranted on this claim.

---

. . . *continued*
*Washington*, 541 U.S. 36, 59 n.9 (2004); *see generally Williams v. Illinois*, ___ U.S. ___, 132 S. Ct. 2221, 2235 (2012) (reiterating that the Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted). Moreover, under the circumstances, a mistrial was not warranted. *See Rudin v. State*, 120 Nev. 121, 143, 86 P.3d 572, 586 (2004).

[4]Edwards also argues that the district court erred by declining to admit evidence regarding an alternative suspect. We decline to consider this claim because it was not adequately raised until Edwards' reply brief. *See LaChance*, 130 Nev., Adv. Op. 29, 321 P.3d at 929 n.7; NRAP 28(c).

Fifth, Edwards contends that the district court abused its discretion by denying his motion for a continuance in order for his expert to testify regarding cross-racial identifications and the proper methods for constructing photographic lineups. The record reflects, however, that the district court did not exclude the testimony because it would have required a continuance, but rather because the testimony was not anticipated and therefore a foundation was not laid for it, which was necessary for the testimony to assist the jury. This court will not reverse a district court's decision regarding the admission of expert testimony absent an abuse of discretion. *See Hereford v. State*, 126 Nev. 719, 367 P.3d 778 (2010). Edwards fails to demonstrate that the district court abused its discretion. Even assuming otherwise, any error was harmless given the strong evidence presented at trial. Accordingly, we conclude that no relief is warranted on this claim.

Sixth, Edwards contends that cumulative error warrants relief. No relief is warranted on this claim because we have only found one error, which, in of itself, does not warrant relief.

Having considered Edwards' contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

6

cc: Hon. Kathleen E. Delaney, District Judge
Jonathan E. MacArthur
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk