# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS AURELIO URENDA-BUSTOS,
A/K/A LUIS AUREILIO
URENDABUSTOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72615

**FILED**

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant and two coconspirators attacked appellant's former roommate at gunpoint, kidnapped him, and robbed him. Drugs were found during a subsequent search of appellant's home. Appellant was convicted of conspiracy to commit kidnapping, first-degree kidnapping with use of a deadly weapon, robbery with use of a deadly weapon, extortionate collection of debt, and trafficking in a controlled substance. This court affirmed his judgment of conviction on appeal. *See Urenda-Bustos v. State*, Docket No. 59946 (Order of Affirmance, April 9, 2013). Appellant then filed a postconviction petition for a writ of habeas corpus, which the district court denied without an evidentiary hearing.

Appellant contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell

18-18487

below an objective standard of reasonableness and a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying the *Strickland* test to appellate counsel). In reviewing an ineffective-assistance claim, we start by presuming that an attorney's conduct is objectively reasonable because it could be considered part of a legitimate trial strategy. *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contends that counsel should have filed a motion to suppress the evidence found at his home. Appellant argues that law enforcement used a warrant authorizing a search for evidence of a murder allegedly committed by his roommate as a pretext to search for evidence of the kidnapping. Appellant fails to demonstrate, however, that the warrant was invalid, and he points to no controlling authority supporting the assertion that evidence obtained pursuant to a "pretextual" but otherwise valid warrant must be suppressed. Moreover, the evidence would have been found regardless of whether the unrelated warrant was used as a pretext. Appellant therefore fails to demonstrate deficient

performance or prejudice. We conclude that the district court did not err by denying this claim.[1]

Second, appellant argues that counsel should have filed a motion to suppress drugs found in his bedroom. The unrelated warrant authorized law enforcement to search the entire home because evidence of the murder could have been anywhere in the home. *See* 2 Wayne R. LeFave, *Search and Seizure* § 4.5(b) (3d ed. 1996) (recognizing that when roommates share an apartment with separate unlocked bedrooms "whichever one of the [roommates] is responsible for the described items being in the apartment could have concealed those items anywhere within, including the bedrooms of his cotenants"). Because appellant fails to demonstrate that a motion to suppress on this ground would have been successful, *cf. State v. Quigley*, 892 A.2d 211, 217-18 (Vt. 2005) (holding that evidence was properly suppressed where the investigating officers were familiar with the layout of the apartment, knew how many tenants lived there, and knew that one of the residents had locked his bedroom and denied others access to it), he fails to demonstrate deficient performance or prejudice. We therefore conclude that the district court did not err by denying this claim.[2]

Third, appellant argues that counsel should have filed a pretrial petition for a writ of habeas corpus challenging the trafficking charge. Appellant's only argument in this regard is that because one of the coconspirators successfully pursued such a writ, appellant would have been

---

[1]We also note that appellant was not prejudiced by failing to suppress evidence found regarding the attack and kidnapping because evidence of those crimes was overwhelming.

[2]We reject appellant's claim that counsel should have moved to dismiss the trafficking charge for the same reasons.

successful as well. This argument is insufficient as it does not establish that the petition would have been successful as to appellant. We therefore conclude that appellant fails to demonstrate that the district court erred by denying this claim.

Fourth, appellant argues that counsel should have objected when the prosecutor asked leading questions, vouched for a witness, elicited character evidence, and engaged in speculation. Most of the comments appellant points to were not objectionable on these grounds. Even if they were, appellant fails to overcome the presumption that counsel's failure to object was a reasoned tactical decision. Appellant also fails to demonstrate prejudice. We therefore conclude that the district court did not err by denying this claim.

Fifth, appellant contends that counsel should have objected to testimony that the victim identified him in a "show-up" on the ground that the identification was unnecessarily suggestive. The identification was not unnecessarily suggestive under the circumstances, given that the record indicates the victim had known appellant for several years and they lived together for several months. *See Johnson v. State*, 131 Nev., Adv. Op. 58, 354 P.3d 667, 672-73 (Ct. App. 2015) ("[T]he Due Process Clause of the United States and Nevada Constitutions forbids a criminal prosecution to be based upon any witness's identification that was procured under circumstances that were unnecessarily suggestive and likely to have resulted in a mistake that cannot be repaired." (footnote omitted)). Appellant therefore fails to demonstrate deficient performance or prejudice. Accordingly, we conclude that the district court did not err by denying this claim.

Sixth, appellant argues that counsel was not prepared to cross-examine witnesses. Appellant fails to overcome the presumption that counsel's cross-examination was part of a reasoned strategy. *See State v. Kinder*, 942 S.W.2d 313, 335 (Mo. 1996) ("Subjects covered and the extent of cross-examination are matters of trial strategy and must be left to the judgment of counsel."). Appellant also fails to demonstrate prejudice. We therefore conclude that the district court did not err by denying this claim.

Seventh, appellant argues that counsel should have inquired further after learning that a juror may have seen appellant in handcuffs. Appellant fails to overcome the strong presumption that counsel's strategic decision to avoid questioning the juror on this issue was reasonable. We therefore conclude that the district court did not err by denying this claim.

Eighth, appellant contends that counsel failed to ensure that the jury was properly instructed regarding coconspirator liability. Appellant asserts that the jury was improperly instructed on the "natural and probable consequences" doctrine rejected in *Bolden v. State*, 121 Nev. 908, 923, 124 P.3d 191, 201 (2005). The State concedes that the jury was improperly instructed, but argues that appellant was not prejudiced. We agree with the State. Counsel should have objected to the instruction, but given the evidence presented at trial, which included the victim's testimony and appellant's admissions, appellant fails to demonstrate a reasonable probability of a different result. We therefore conclude that the district court did not err by denying this claim.

Ninth, appellant contends that counsel should not have conceded that appellant was guilty of some of the charged crimes. Appellant

fails to overcome the strong presumption that counsel's strategic decision to concede appellant's guilt on some counts was reasonable given the evidence presented at trial, even assuming that it exacerbated issues caused by the incorrect conspiracy instruction. *See Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) ("A concession of guilt is simply a trial strategy—no different than any other strategy the defense might employ at trial.").[3] Appellant also fails to demonstrate that counsel failed to act as an adversary, *see United States v. Cronic*, 466 U.S. 648, 666 (1984), or that he was prejudiced. We therefore conclude that the district court did not err by denying this claim.

Tenth, appellant contends that counsel should have argued on appeal that the State violated *Batson v. Kentucky*, 476 U.S. 79 (1986), during jury selection. Because the trial court credited the prosecutor's race-neutral reasons, there is not a reasonable probability that counsel could have successfully challenged the trial court's decision on appeal. *See Hawkins v. State*, 127 Nev. 575, 577, 256 P.3d 965, 966 (2011) (giving deference to the district court's decision on the question of discriminatory intent in reviewing a *Batson* claim). We therefore conclude that the district court did not err by denying this claim.[4]

---

[3]The record reflects that appellant was canvassed regarding this strategy and concurred with counsel's concessions. This case is therefore distinguishable from the scenario described in *McCoy v. Louisiana*, No. 16-8255, 2018 WL 2186174, at *3 (U.S. May 14, 2018).

[4]We reject appellant's assertion that appellate counsel was ineffective for failing to raise all the issues referenced herein or for missing deadlines. We also reject appellant's assertion that cumulative error entitles him to relief because although counsel should have objected to the inaccurate conspiracy instruction, one error cannot be cumulated. *See U.S. v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Having concluded that the district court did not err by denying appellant's petition without conducting an evidentiary hearing, we ORDER the judgment of the district court AFFIRMED.

_____Cherry_____, J.
Cherry

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc:   Hon. Jennifer P. Togliatti, District Judge
      McGillivray Law
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk