IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE ALEJANDRO FIGUEROA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80294

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felony driving under the influence of alcohol and/or a controlled or prohibited substance.[1] Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Appellant argues that the State exercised a peremptory challenge in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). When considering a *Batson* challenge, the district court must engage in a three-step inquiry. *McCarty v. State*, 132 Nev. 218, 226, 371 P.3d 1002, 1007 (2016). First, the opponent of the challenge must allege sufficient facts to show a prima facie case of discrimination. *Id.* Second, if a prima facie case is shown, the proponent of the challenge must provide a non-discriminatory rationale for the challenge. *Id.* Finally, after evaluating the proponent's neutral explanation, the district court must determine if the opponent of the peremptory challenge has proven purposeful discrimination. *See id.*

In light of the "great deference" afforded to a district court's *Batson* determination, we agree with the district court that appellant met

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21 - 01442

the first step of the *Batson* analysis. *Williams v. State*, 134 Nev. 687, 692, 429 P.3d 301, 307 (2018) (quoting *Walker v. State*, 113 Nev. 853, 868, 944 P.2d 762, 772 (1997) (further internal quotation marks omitted)). The State set forth non-discriminatory reasons for striking the prospective juror: he indicated concern regarding his child custody case and his ability to pay child support while missing work and he did not fully disclose his criminal history.[2] And we agree with the district court that appellant failed to prove purposeful discrimination. *See Cooper v. State*, 134 Nev. 860, 862, 432 P.3d 202, 205 (2018) (recognizing that a case's sensitivity to bias is a proper consideration under *Batson*); *Hawkins v. State*, 127 Nev. 575, 577, 256 P.3d 965, 966 (2011) ("Appellate review of a *Batson* challenge gives deference to [t]he trial court's decision on the ultimate question of discriminatory intent." (internal quotation marks omitted)). In particular, the State's failure to ask follow-up questions does not demonstrate pretext where the record supports its observations about the prospective juror and there is no indication that it engaged in disparate questioning of similarly situated nonminority prospective jurors. *Cf. Diomampo v. State*, 124 Nev. 414, 425, 185 P.3d 1031, 1038 (2008) (concluding that neutral reasons for peremptory challenge were pretextual where the record did not support the conclusion

---

[2]It appears that in rejecting the State's explanation based on the prospective juror's concerns related to his custody case, the district court conflated peremptory challenges, NRS 16.040, and challenges for cause, NRS 16.050. The prospective juror's concerns about his custody case were not an improper basis for the State to exercise a peremptory challenge. *See United States v. Vaccaro*, 816 F.2d 443, 457 (9th Cir. 1987) ("[A] prosecutor may use peremptory challenges when he cannot formulate and sustain a legal objection to a juror, and yet has reason to question . . . a juror due to his habits and associations."), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988).

that a prospective juror was "adamant" about his divorce or would be unable to interact with female jurors and the prosecutor did not ask follow-up questions when the prospective juror merely stated that he was "divorced"). And appellant did not assert below that the State failed to prove the prospective juror's prior criminal history and we find no plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved issues for plain error). Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Barry L. Breslow, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A