IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENTON EARL SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79600

**FILED**

MAR 0 5 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant first argues that insufficient evidence supports the conviction. Specifically, he argues that there was no evidence of the malice aforethought required for second-degree murder and that he demonstrated adequate provocation to reduce the charge from murder to voluntary manslaughter. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We conclude that sufficient evidence supported the conviction. Despite the victim's initial provocation, the evidence showed that appellant shot at the victim multiple times as the victim was fleeing with appellant in pursuit

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-06435

and appellant testified that he had time to leave the situation once the victim began to flee. *See* NRS 200.020; NRS 200.030; NRS 200.060; *Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (providing that this court will not reweigh evidence or substitute its judgment for that of the jury on conflicting evidence).

Appellant next argues that the State exercised a peremptory challenge in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). When considering a *Batson* challenge, the district court must engage in a three-step inquiry. *McCarty v. State*, 132 Nev. 218, 226, 371 P.3d 1002, 1007 (2016). The first step is moot where, as here, the proponent provides its race-neutral reason before the district court determines if the opponent made a prima facie case of discrimination.[2] *See Williams v. State*, 134 Nev. 687, 691-92, 429 P.3d 301, 306-07 (2018). Second, the proponent of the challenge must provide a non-discriminatory rationale for the challenge. *McCarty*, 132 Nev. at 226, 371 P.3d at 1007. Third, after evaluating the proponent's neutral explanation, the district court must determine if the challenge's opponent proved purposeful discrimination. *Id.*

The State provided non-discriminatory reasons for striking the prospective juror: the district attorney's office prosecuting the case at hand had prosecuted a case against the prospective juror's son resulting in a conviction for ten felonies, the prospective juror's daughter witnessed the shooting homicide of an ex-boyfriend, and the prospective juror himself had been racially profiled by the same police force that investigated the crimes at issue which, taken together, could cause bias toward the State. In finding no purposeful discrimination, the district court noted the prospective juror's

---

[2]Because the first step is moot in this case, we decline to address appellant's arguments regarding the standard of review for that step.

statement that he felt racially profiled by the police and recognized that, while other prospective jurors had family members or others close to them accused of crimes, the prosecuting district attorney's office did not prosecute those crimes. The district court further found the prospective juror's responses curt, he appeared irritated, and he "seemed to be glaring at the Court." The court also found the State did not conduct disparate questioning of other prospective jurors. Giving deference to the district court's factual and credibility findings, we conclude that appellant has not demonstrated clear error.[3] *Williams v. State*, 134 Nev. 687, 689, 429 P.3d 301, 306 (2018) ("Because the district court is in the best position to rule on a *Batson* challenge, its determination is reviewed deferentially, for clear error."); *Hawkins v. State*, 127 Nev. 575, 577, 256 P.3d 965, 966 (2011) ("Appellate review of a *Batson* challenge gives deference to [t]he trial court's decision on the ultimate question of discriminatory intent." (internal quotation marks omitted)). That conclusion is not affected by appellant's argument that Black prospective jurors, such as the prospective juror challenged here, are more likely to have had negative interactions with law enforcement or have been closely connected to someone involved in a serious crime. As noted by the district court, the concerns regarding the prospective juror went beyond prior experiences with law enforcement or the criminal justice system. More importantly, the district court found that the State did not strike the juror based on his race, and thus the juror's interactions

---

[3]We decline to address appellant's arguments regarding his successful challenge to the State's use of a peremptory challenge as to another prospective juror, as that juror was empaneled. *See Diomampo v. State*, 124 Nev. 414, 422, 185 P.3d 1031, 1036 (2008) (recognizing that *Batson* is concerned with the improper *removal* of potential jurors through peremptory challenges).

with the legal system were not being used as a pretext for unlawful discrimination. This finding is supported by the record.

Appellant next challenges the district court's refusal to admit any evidence of the victim's and his associates' purported gang affiliations, which appellant claims prevented him from showing the jury the fear that overcame him during his confrontation with the victim to support his claims of self-defense or considerable provocation. A defendant may offer "[e]vidence of the character or a trait of character of the victim," NRS 48.045(1)(b), to show that the victim was the likely aggressor, *Daniel v. State*, 119 Nev. 498, 514, 78 P.3d 890, 901 (2003). We find no abuse of discretion in the district court's refusal to admit the gang affiliation evidence when appellant failed to show that either the victim's or his associates' purported gang affiliation equated to a violent character and nothing suggested that the crime at issue was gang-related.[4] *See* NRS 48.045(1)(b); *Butler v. State*, 120 Nev. 879, 889, 102 P.3d 71, 78 (2004) (reviewing the decision to admit or exclude such evidence for an abuse of discretion). Moreover, any error in declining to admit the evidence was harmless. *See Daniel*, 119 Nev. at 516-17, 78 P.3d at 902 (indicating that the district court's improper exclusion of evidence of the victim's propensity for violence is subject to harmless error review). The jury heard other

[4]We implicitly recognized that gang affiliation does not automatically equate to a violent character in *Pineda v. State*, 120 Nev. 204, 213, 88 P.3d 827, 834 (2004). There, we held that expert testimony was admissible to inform the jury of "the violent nature of gang members, . . . methods of attack through utilization of superior numbers, [and] the propensity of gang members to carry deadly weapons" because that testimony would corroborate the reasonableness of the defendant's belief that the victims may have been armed given their gang membership. *Id.* at 213, 88 P.3d at 834.

testimony that showed the victim's violent character including a number of specific acts of violence the victim committed against his own family members and others: throwing a Molotov cocktail at his mother's house while she was inside, shooting his brother's car, physically assaulting his sister and his niece, and physically assaulting and threatening to kill another woman. And we are convinced that the excluded gang evidence would not have affected the verdict given the overwhelming evidence that appellant did not act in self-defense: he chased the victim down over 100 yards and fired 11 shots at the fleeing victim, and he testified that he had time to leave the scene or call for help before doing so. *See Runion v. State*, 116 Nev. 1041, 1051, 13 P.3d 52, 59 (2000) (discussing that a self-defense killing is justified when the defendant reasonably believes that the killing is necessary in order to avoid death or great bodily injury to himself).

Appellant next challenges two jury instructions. As to the reasonable doubt instruction and appellant's challenge to the "more weighty affairs of life" language therein, the district court gave the instruction required by NRS 175.211(1) and "[n]o other definition of reasonable doubt may be given," NRS 175.211(2). *See Belcher v. State*, 136 Nev., Adv. Op. 31, 464 P.3d 1013, 1029 (2020) (rejecting a challenge to the constitutionality of NRS 175.211(1)'s reasonable doubt instruction). And we have repeatedly rejected challenges similar to appellant's regarding the equal and exact justice instruction. *See id.* (collecting cases). Appellant did not object below and, based on the above, we discern no plain error. *See* NRS 178.602; *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003) (reviewing an unobjected-to error for plain error affecting the appellant's substantial rights).

We also reject appellant's cumulative-error argument, as appellant has demonstrated at most only one error in this case. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Michael Villani, District Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A