IN THE SUPREME COURT OF THE STATE OF NEVADA

RAEKWON SETREY ROBERTSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81400

**FILED**

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, and murder with the use of a deadly weapon; and pursuant to a guilty plea, of conspiracy to commit robbery and robbery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant first argues that insufficient evidence supports the jury's verdict. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We conclude that sufficient evidence supported the convictions. One of the three accomplices testified that appellant, who was carrying a gun, participated in the attempted robbery and murder. The State also presented a text message appellant sent to another accomplice on the day

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-13945

of the incident asking if he wanted to "hit a house," surveillance video showing appellant in a car identified by a witness as being in the immediate vicinity of the crime scene at the time the crimes occurred, evidence of appellant's fingerprints on that car, and a gun found at appellant's house that had appellant's DNA on it and contained bullets that matched casings found at the crime scene. *See* NRS 193.165; NRS 193.330; NRS 199.480; NRS 200.010; NRS 200.030; NRS 200.380. Based on this evidence, we reject appellant's assertion that the accomplice's testimony was not sufficiently corroborated. *See* NRS 175.291(1) ("A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense . . . ."); *Heglemeier v. State*, 111 Nev. 1244, 1250, 903 P.2d 799, 803 (1995) (providing that corroborating evidence is that which "independently connect[s] the defendant with the offense," and may be direct or circumstantial).

Appellant next argues that the State exercised a peremptory challenge in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). When considering a *Batson* challenge, the district court must engage in a three-step inquiry. *McCarty v. State*, 132 Nev. 218, 226, 371 P.3d 1002, 1007 (2016). First, the challenge's opponent "must make out a prima facie case of discrimination." *McCarty*, 132 Nev. at 226, 371 P.3d at 1007 (quoting *Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006)). Second, the challenge's proponent must provide a non-discriminatory rationale for the challenge. *Id.* Third, after evaluating the proponent's neutral explanation, the district court must determine if the challenge's opponent proved purposeful discrimination. *Id.* The first step is moot where the proponent

SUPREME COURT
OF
NEVADA

(0) 1947A

2

provides its race-neutral reason before the district court determines if the opponent made a prima facie case of discrimination. *See Williams v. State*, 134 Nev. 687, 691-92, 429 P.3d 301, 306-07 (2018).

Here, the State gave its race-neutral reason, and the district court then concluded that appellant failed to make a prima facie case of discrimination and that the *Batson* challenge therefore failed at the first step. We agree with appellant that the district court erred by resolving the *Batson* challenge on the first step, as that step became moot when the State gave its race-neutral reason before the district court addressed the first step. Reversal is not warranted, however. The State offered a proper race-neutral basis for the peremptory challenge: the prospective juror was a criminal justice major and stated she intended to pursue a career as a criminal defense attorney, and the State explained that it would never pick an aspiring criminal defense attorney to sit on a jury. And we discern no disparate questioning or other evidence of purposeful discrimination, and appellant does not demonstrate any on appeal.[2] *See Purkett v. Elem*, 514 U.S. 765, 768 (1995) (holding that "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike"); *McCarty*, 132 Nev. at 227-28, 371 P.3d at 1008 (recognizing that disparate treatment of potential jurors can support a finding of purposeful discrimination under *Batson*). Accordingly, we believe that the record reflects that the district court ultimately reached the right result by denying appellant's *Batson* claim. *See Cooper v. State*, 134 Nev. 860, 864, 432 P.3d 202, 206 (2018) (insinuating that this court can address "steps two

---

[2]The only prospective juror appellant points to as a comparison for disparate questioning was pursuing a degree in the medical field, not a criminal justice degree.

and three [of *Batson*] for the first time on appeal" where the record includes the State's race-neutral basis for the challenged strike); *Hawkins v. State*, 127 Nev. 575, 578-79, 256 P.3d 965, 967-68 (2011) (addressing steps two and three of *Batson* despite the district court's failure to state its reasoning on step three because the State's neutral explanation "did not reflect an inherent intent to discriminate" and the defendant failed to show purposeful discrimination); *Kaczmarek v. State*, 120 Nev. 314, 334-35, 91 P.3d 16, 30 (2004) (addressing *Batson* steps two and three even though the district court did not adequately state its reasons where the record included the State's race-neutral explanation and did not show any discriminatory motives).

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Michelle Leavitt, District Judge
     Mayfield, Gruber & Sanft/Las Vegas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk